Martin v. Modern Woodmen of America.

## Joseph Martin, et al., v. Modern Woodmen of America, et al.

### Gen. No. 4243.

1. BENEFIT CERTIFICATE—*when divorced wife is entitled to the pro-ceeds of.* A divorced wife of a member of a fraternal benefit society, in whose favor such certificate was, prior to such divorce, issued, is entitled to the proceeds of such certificate where, after such divorce, she remains a person dependent upon such member.

2. PERSON DEPENDENT—*definition of.* The words, " persons depend-ent upon the member," as used in the statute pertaining to beneficiaries under benefit certificates, do not mean dependence for favor, compan-ionship or affection, nor do they refer to occasional gifts nor to complete dependence for support; but a person who is partially and regularly dependent upon such member for support comes within the statute.

Bill of interpleader. Appeal from the Circuit Court of Rock Island County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed October 23, 1903.

JAMES M. GRAHAM, for appellants.

THEODORE PROULX and E. M. BUMPHREY, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Jesse W. Martin became a member of the Modern Woodmen of America, a fraternal beneficiary society, and obtained a benefit certificate to be issued to him by said society in the sum of $1,000, payable to his sister. Afterwards, on August 31, 1900, he caused that certificate to be cancelled, and in lieu thereof another for the same sum to be issued payable to Jessie D. Martin, his wife. The certificate at once passed into the possession of Mrs. Martin and has ever since been in her possession. Jesse W. Martin never in his lifetime requested Mrs. Martin to deliver said second certificate to him or to any one for him, nor requested a change in the beneficiary. On February 12, 1900, Martin ceased to live with his wife, and on September 4, 1901, she obtained a divorce from him for his fault, by which decree he was ordered to pay her $180, as alimony, during each and every year till further ordered by the court, the payments to be quarterly in advance, commencing on October 1, 1901. On September 11, 1901, Martin died, leaving surviving him his father, a sister and four brothers. Mrs. Martin presented proofs of death to the society, and brought suit against it upon the certificate. The society filed a bill of interpleader against Mrs. Martin and Martin's father, sister and brothers, admitting its liability and alleging that each side claimed the fund. Mrs. Martin answered setting up the facts, and alleging that at the time of Martin's death she was dependent upon him, and claiming the fund. The record does not contain any answer by the heirs, but the abstract asserts that there was such an answer, which is missing, and alleges that it set up

the divorce and denied Mrs. Martin's right to the fund. Appellee's brief does not question this statement.    Upon a hearing, the court found that at the time of Martin's death Jessie D. Martin was a person dependent upon him, and that she was entitled to the fund, and that the other defendants had no right thereto, and decreed that the fund be paid to Mrs. Martin.    This is an appeal from said decree, prosecuted by the father, sister and brothers of deceased.

When this certificate was issued and when Martin died, the statute governing fraternal benefit societies limited the payment of death benefits to "the families, heirs, blood relations, affianced husband or affianced wife of, or to persons dependent upon the member." Section 41 of the by-laws of the society governs the question who may be beneficiaries, and is as follows:

" Benefit certificates shall be made payable only to wife, surviving children, or some other person or persons, specifically named in said benefit certificate as beneficiary, who are related to the member as heir, blood relative, or person dependent upon him, or member of his family whom the applicant shall designate in his application; provided, however, that no payment shall be made upon any benefit certificate to any person who does not bear such relationship as wife, surviving child, heir, blood relative, or person dependent upon or member of the family of the member at the time of his death."

When the divorce was granted, Mrs. Martin ceased to be Martin's wife.   She no longer bore the relation to Martin specified in the certificate.    We assume appellants are correct in their position that she could no longer rely upon the relation of wife to sustain her claim to the avails of the certificate.   But in our judgment she was entitled to the money if at his death she was still dependent upon Martin within the meaning of "dependent" in the statute and the by-law.    This does not mean dependent for favor, or for companionship, or for affection, nor does it refer to occasional gifts, but it means dependence for support and maintenance; yet the dependence for support meant by the statute and the by-law need not be complete dependence upon the member for support, but a regular and partial

dependence is sufficient to entitle the party to the benefit of the certificate.    Alexander v. Parker, 144 Ill. 355.

It was stipulated that Mrs. Martin was both at the hearing of this cause and before the decree of divorce, sick and in destitute circumstances, and had no property of any kind and no money.    The decree for alimony also adjudicated that she was entitled to support from Martin.    She was therefore in a very real sense dependent upon the payment of said periodical sums decreed to her for alimony.    That decree was her sole reliance for support and maintenance. If Martin had lived she would have been dependent upon him for support to the extent of $45 every quarter.    But it is said that as he died before the first installment accrued, her rights under that decree ceased.    If she was claiming rights as a creditor there might be force in the argument. But her claim is only that she was dependent upon him. If she had been his wife, she would have ceased to receive support from him at his death, and if·he had died in poverty she might have received nothing from his estate. Yet in such case she would have been no less dependent upon him at the time of his death.    As Mrs. Martin was dependent upon Martin for her support to the extent of $180 per year at the time of his death, we are of opinion that she was within the classes of beneficiaries specified in the statute and by-law, and was entitled to the avails of the certificate.

The decree is therefore affirmed.

*Affirmed.*