[Morey, *et al.* v. Monk.]

# Morey, *et al. v.* Monk.

## *Assumpsit.*

[Decided Feb. 6, 1906, 40 So. Rep. 411.]

1. *Insurance: Beneficiaries; Relatives.*—The wife of insured being dead, and leaving no children by insured, before son of wife by another was made a beneficiary, the affinity of such son to insured was dissolved, and such son was not a relative of insured, so as to allow him to become a beneficiary under the by-laws of a benefit association permitting only relatives to become beneficiaries.

2. *Same; Dependents.*—A man grown, married, earning a good salary and saving money is not a dependent, within the terms of the by-laws of a benefit association, permitting dependents of insured to become beneficiaries.

3. *Same; Substituting Beneficiaries not Previously Allowed.*—Under Mass. Acts of Dec. 31, 1901, which authorizes the substitution of persons as beneficiaries who were not previously eligible, on the death of the named beneficiary, "with the consent of the officers and under the rules as they may prescribe," one not previously eligible as a beneficiary, but who has been substituted on the death of the beneficiary named in the certificate, is entitled to the benefits, although it does not appear that the benefit association has adopted rules extending the class of beneficiaries allowed. (Anderson, J., dissents.)

Appeal from Selma City Court.

Heard before Hon. J. W. Mabry.

Major R. R. Morey married Mrs. A. J. Monk, a widow, who at the time of her marriage had three children, and one of them was W. S. Monk, appellant in this case. Major Morey became a member of the American Legend of Honor, a mutual benefit society incorporated under the laws of Massachusetts, and in 1884 had a benefit certificate upon his life issued payable to his wife in the sum of two thousand dollars. Mrs. Morey died and Major Morey made application to change the payee in the certificate from his wife to W. S. Monk, step-son. Upon the death of Major Morey, it was agreed that the so-

ciety pay the sum evidenced by the certificate to Mr. H
S. D. Mallory without prejudice to the rights of any of
the parties and it was accordingly done.   In August,
1903, A. J. Morey and others, brothers and sisters of
the insured, brought suit against Mallory for such
money, the action being money had and received.   Mr.
Mallory suggested, under the statute, the claim of W.
S. Monk and he was made party defendant and Mr. Mal-
lory discharged.   The case was heard by the Judge of
the City Court of Selma without a jury, upon the plea
of the general issue, and resulted in a judgment for the
defendant, to which judgment no execution was reserved,
so far as shown by bill of exceptions.

McLEOD & VAUGHAN and J. E. WILKERSON, for appel-
lant.—Under the laws of Massachusetts, the charter and
by-laws of all associations incorporated thereunder as
benevolent associations are limited in their scope, and
it has been held that when a benefit society by its char-
ter or by-laws enlarges the class it may take as benefi-
ciaries beyond that laid down in the statute, such des-
ignation is void.—*Legend of Honor v. Perry,* 140 Mass.
589; Bacon on Benefit Societies, Vol. 1, p. 455.   It is
also well settled that mutual benefit societies may re-
strict the class who may take under a policy in such so-
ciety to any class of persons named in the statute, and
that the constitution and by-laws of the order govern
when the scope of the authority in such matters is called
in question.—Authorities supra.
   The mother of Monk being dead at the time of the is-
suance of the certificate with Monk as payee, and there
being no children of the marriage, the relationship by
affinity was dissolved.—1 Am. & Eng. Ency. of Law, p.
913; *Carmen v. Newell,* 1 Denio (N. Y.) 26; *Corn v. Ing-
ham,* 7 Cow. (N. Y.) 478; *Foot v. Morgan,* 1 Hill (N. Y.)
654; *State v. Shawl,* 3 Ired (N. C.) 532; *Rigelow v.
Sprague,* 140 Mass. 420; *Pegues v. Baker,* 110 Ala. 251.
   Under the evidence in this case, Monk was not a de-
pendent upon Major Morey.   The word "dependent" in
certificates of this character means nothing more nor less
than dependent for support upon the insured.—1 Bacon

on Benefit Societies, p. 509; 13 Cyc. 789 and citations; *Alexander v. Parker*, 144 Ill. 355, 19 L. R. A. 187; *Legend of Honor v. Perry, supra.*

PETTUS & JEFFRIES, for appellee.—The contract of insurance in this case as in all mutual benefit insurance, is the certificate of insurance, the by-laws of the society and the statutes of the State in which the society is incorporated. The statutes under which it is organized and the by-laws of the society will be liberally construed in determining whether the designated beneficiary comes within the class specified, and therefore, in a contract of benevolent insurance the law presumes that the parties to the contract entered into it upon the common and the popular meaning of the words used.—1 Bacon on Benevolent Societies, Sec. 247; *Garrow v. Family Fund Society*, 116 N. Y. 537, s. c. 6 L. R. A. 498; *Bennett v. Van Riper*, 14 L. R. A. (N. J. case) 342. The following cases hold that a liberal construction must be indulged in.—*Supreme Lodge v. Schmidt*, 98 Ind. 374; *Ballou v. Gile*, 50 Wis. 614; *Am. Legion of Honor v. Perry*, 140 Mass. 580; *Mancely v. Knights of Birmingham*, 115 Pa. St. 305; 3 Am. & Eng. Encl. of Law (2 Ed.) 970.

The beneficiary in the certificate of insurance, as a step-son of Major Morey, came within the terms of the laws of Massachusetts and the by-laws of the society.— *Tepper v. Supreme Council*, 47 Atl. 460 (N. J.); *Legend of Honor v. Perry, supra; Same v. Smith*, 45 New Jersey Equity, 466; 17 Atl. 77; *Britton v. Royal Arcanum*, 46 N. J. Equity, 102, 18 Atl. 675; *Fraternity v. Martin*, 35 Atl. 908 (N. J.); *Simcoke v. Grand Lodge*, 51 N. W. 8; 3 Am. & Eng. Ency. of Law, 970 and notes. The statutes of Massachusetts in force at the date of the death of Major Morey permitted him to designate any person as a beneficiary regardless of whether such person was a relative or a dependent. There was no vested right in the mutual benefit certificate to be disturbed by the statute in question, and a law changing the persons to whom benefits might be designated, and enlarging their number would apply to certificates issued before it took effect as well as to those subsequently issued, the mutual benefit certificate being in a class different from old line in-

surance policies.—*Stoelker v. Thornton,* 88 Ala. 681; *Richmond.v. Johnson,* 10 N. W. 596; *Marsh v. Supreme Council,* 21 N. E. 1070; *Sup. Com. of K. of Golden Rule v. Ainsworth,* 71 Ala. 451; *Society v. Burkhart,* 110 Ind. 189; *Shields v. Clifton Land Co.,* 26 L. R. A. 509; *Burger v. Merrit,* 57 N. E. 714; *Baldwin v. Begley,* 56 N. E. 1065.

ANDERSON, J.   The record in this case is similar to the one in the case of *Morey v. Monk,* (Ala) 38 South. 265, and shows no exception to the judgment; and we adhere to what was there said, and what has been repeatedly held by this court in construing the right to review the conclusion of the judge of the city court of Selma, and other inferior courts, when the trial is had without a jury. This court has no jurisdiction to review the conclusion of the judge unless the bill of exceptions discloses the judgment and shows that an exception was reserved thereto.   We are confined in the case at bar to a consideration of the assignments of error relating to the admissibility of evidence.

It appears from the record that the plaintiffs grounded their action for the recovery of the fund in question upon the fact that they were the nearest of kin and heirs of Maj. Morey, the insured, and were entitled to the fund under the statutes governing the order, and the by-laws adopted thereby, upon the theory that, while the first-named beneficiary belonged to the class provided for, the defendant, Monk, who was submitted as the beneficiary subsequent to the death of his mother, was not of the class provided for by the statute or by laws of the order. The classes provided for by the constitution and by-laws of the order are "husband or wife, child, affianced husband, affianced wife, relatives or persons dependent upon the applicant, whom it is desired to make beneficiary." Section 132 of the American Legion of Honor is as follows: "In the event of the death of all the beneficiaries selected by the member, before the decease of such member, if no other or further disposition thereof be made in accordance with the provisions of the by-laws, the benefit shall be paid to the widow.   If none, then the heirs of the deceased member, and if no person or persons shall

be entitled to receive the benefit, it shall revert to the benefit fund." It therefore appears that the defendant must come within the first above mentioned classes, else the fund would go to the heirs of Maj. Morey, as provided by section 132 of the by-laws. His contention seems to be that he was a relative or a dependent, one or both, and to the establishment of which his evidence should have been directed.

Although the defendant was the stepson of Maj. Morey, the affinity was dissolved by the death of his mother, which was prior to the changing of the policy in his favor, as his mother left no children by Maj. Morey to continue the affinity existing prior to her death.—*Tagert v. State,* 143 Ala. 88, 39 South. 293; *Pegues v. Baker,* 110 Ala. 251, 17 South. 943; *Mounson v. Mounson,* 1 Leonard, 88; *Dearmond v. Dearmond,* 10 Ind. 191; *Bigelow v. Sprague,* 140 Mass. 425, 5 N. E. 144. There was much evidence admitted by the trial court and objected to by the plaintiff, which had no bearing upon the relationship of the parties, or whether or not the defendant was a dependent as contemplated by the statutes and by-laws governing the order. The supreme court of Massachusetts, in the case of *McCarthy v. New England Order of Protection,* 153 Mass. 318, 26 N. E. 867, 11 L. R. A. 144, 25 Am. St. Rep. 637, in defining the word "dependent" as used in this identical connection, says: "The beneficiary must be dependent upon the member in a material degree for support or maintenance or assistance, and the obligation on the part of the member to furnish it, must, it would seem, rest upon some moral, legal, or equitable grounds, and not upon the purely voluntary or charitable impulse or disposition of the member."—*American Legion of Honor v. Perry,* 140 Mass. 580, 5 N. E. 634; *Ballou v. Gile,* 50 Wis. 614, 7 N. W. 561; Bacon's Benefit Society, § 261. While the desire and obligation may have been great on the part of Maj. Morey to help his stepson, to whom he had acted as a father for years, can it be contended that Monk, who was grown and married, earning a good salary and saving money, was dependent upon Maj. Morey in 1891? Or that the evidence objected to, or all of it, had any

[Morey, *et al.* v. Monk.]

bearing on this issue? We think not. It is true that in the case of *Morey v. Monk, supra,* it was held that all or most of this evidence was properly admitted. There it was offered to show that Monk was a member of Maj. Morey's family, an issue involved in said case. Here we have no such issue, and things done to establish a family relationship did not necessarily show a relationship or a state of dependency, as contemplated under the terms of the policy.

We cannot agree with counsel for appellee in the contention that the statute of Massachusetts which went into effect the last day of December, 1901, just six weeks before the death of Maj. Morey, cured all the errors of the trial court, upon the theory that said law extended the class of beneficiaries so as to include the defendant and clothed him with the right to take under the policy. Said law simply authorized the substitution of persons not previously eligible, in case of the death of the first named beneficiary, "with the consent of the officers and under the rules as they may prescribe." The by-laws existing at the time the defendant was substituted and up to the present, so far as is disclosed by the record, fixed the class who could be substituted, and provided for the disposition of the fund in case of the death of the original beneficiary. The act simply gave the company the right to extend its field of operation, and was not imperative, and did not become binding on the company until it took affirmative action by the adoption of appropriate by-laws, extending the class of beneficiaries as permitted thereunder. In other words, there is nothing before us to show that after the death of Mrs. Morey and before the death of Maj. Morey, a further disposition of the fund was made "in accordance with the provisions of the by-laws." My Brothers are of the opinion that the act of Massachusetts which went into effect December 31, 1901, conferred the power upon the order named to name Monk as the beneficiary, and having continued as the beneficiary named in the certificate after said act went into effect and before the death of Maj. Morey, the insured, that the order could not have successfully defended an action brought by Monk on the

certificate; that the plaintiffs stand in no better position than the order would have stood, had Monk sued on the certificate; and, as the case was tried by the judge without a jury, the error committed in admitting the evidence objected to was error without injury, since the defendant would have been entitled to a judgment with said evidence excluded. The writer cannot assent to this proposition, and thinks the case should be reversed. I think the designation of Monk as the beneficiary was *ultra vires,* and that said designation was not cured by the act, unless the order adopted a by-law extending its field of operation before the death of the insured, or at least did more than the record shows was done to ratify the designation, even if it could have been done without a by-law, which I seriously doubt. The order is not repudiating the liability on the certificate, but admits the indebtedness and wishes it to go to the one entitled to it, and, as Monk was improperly named as a beneficiary, the statutes and by-laws give it to these plaintiffs.

The judgment of the city court is affirmed.

HARALSON, TYSON, DOWDELL, SIMPSON, and DENSON, JJ., concur. ANDERSON, J., dissents.