### Antonia Wojanski v. Bronislawa Wojanski and Bronislaus Wojanski.

#### Gen. No. 13,313.

FRATERNAL BENEFIT SOCIETY—*who within definition of statutory beneficiaries, styled "persons dependent upon the member."* One who has lived with the member as his wife, believing herself to be such, who was dependent upon such member for her support, comes within the statutory definition of "persons dependent upon the

member," notwithstanding she was not a lawful wife of such member, although designated as such in the certificate.

SMITH, J., dissenting.

Bill of interpleader. Appeal from the Circuit Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Reversed and remanded. Opinion filed October 18, 1907.

**Statement by the Court.** The parties to this appeal were brought into court by a bill of interpleader filed by a fraternal benefit association organized under the laws of Illinois and known as "The German Order of the Harugari." The bill recites in substance that one Stanislaus Wojanski was a member of the order and became entitled to participate in an endowment in the sum of five hundred dollars, that he designated appellant, Antonia Wojanski, as his wife to whom he desired said sum of money to be paid in the event of his death; that appellee, Bronislawa Wojanski, who resides at Zerkow, Province of Posen, Germany, claims to have been the lawful wife of the deceased at the time of his death and to be entitled to said sum of money, which appellant, Antonia Wojanski, also claims. It is further stated in the bill that the members of the order as a voluntary association had bound themselves upon the death of any member prior to the death of his wife to pay to the surviving wife the additional sum of two hundred dollars, which sum is also claimed by both said parties.

Both of the defendants, Bronislawa Wojanski, who was married to the assured in Germany, and Antonia whom he married in Chicago, filed answers setting up their respective claims. The complainant was dismissed out of court upon depositing the fund in dispute. Bronislaus Wojanski subsequently filed his interplea, claiming that as the only child of the assured and his lawful wife Bronislawa Wojanski, he is entitled to participate in the fund.

The Circuit Court found that appellant, Antonia Wojanski, is not the lawful widow of Stanislaus Wojanski, deceased, although she in good faith believed that in his lifetime she was his wife; that she is not entitled to the mortu-

ary benefit or any part thereof; that appellee, Bronislawa Wojanski, is the lawful widow, but that she is not entitled to the entire fund because she was not designated by the deceased as the beneficiary thereof; that she and her son Bronislaus are the only heirs at law and are entitled to share the fund, the mother Bronislawa one-third and the son Bronislaus two-thirds.

Claudius Peters, for appellant; I. B. Lipson, of counsel.

William Vocke, for appellees.

Mr. Justice Freeman delivered the opinion of the court.

It appears from the evidence and is not seriously disputed that appellee, Bronislawa Wojanski, was the lawful wife of the deceased at the time of his death and the mother of his son, the other appellee. The assured abandoned her in Posen and having obtained possession of her money came to Chicago. In 1895 he was married to appellant, then known as Antonia Linneman, from whom also he obtained money. She testifies that he told her of his former marriage and stated that he had been divorced from his said wife. He lived with Antonia as his wife until in 1903, when by reason of illness she went to a hospital. She testifies that while there she received a letter containing information as to the "first wife." She showed the letter to the assured who, she testifies, "never showed up again." She states that she filed a bill for divorce, acting upon the information received while in the hospital, and that while the divorce proceeding against him was pending the assured committed suicide. She states that she paid the dues and assessments to the lodge out of his and her own money, and that before her marriage she was shown by the deceased a "divorce paper" from the "first wife." Her mother testifies to the same effect. The preponderating evidence, however, tends to show that no such divorce was ever had.

The statute in accordance with which the complaining

fraternal order was organized provides: "Payment of death benefits shall only be made to the families, heirs, blood relations, affianced husband or affianced wife of, or to persons dependent upon the member." In its by-laws the order has provided for payment of $500 "to the person or persons named by the deceased brother in his certificate, but such person or persons shall only be the following: Wife, children, blood relations or such persons as were dependent upon the brother for their support." The by-laws further set forth that "The Widows and Orphans Benefit Fund is principally founded for the purpose of providing for the families and relatives of a deceased brother    *    *    *    who were dependent upon him for support and the benefit money so payable shall serve for their maintenance." The additional benefit fund of $200 is made payable to the same "person or persons." It appears from appellant's testimony that at the death of the assured she was penniless.

It is claimed in behalf of appellant that having been designated by the assured as "my wife Antonia Wojanski" to whom he desired the benefit money to be paid in case of his death, and having been formally married to him, it is immaterial whether she was lawfully the wife of the assured or not, since she is within the class of persons who may be beneficiaries, under the provisions of the statute and the by-laws of the complainant order. It is evident that under both the statute and the by-laws the assured was permitted to designate as his beneficiary any one of the classes therein mentioned to the exclusion of the others. One of these classes is "persons dependent upon the member." That appellant was so dependent to the same extent and in the same way as if she had been his undisputed lawful wife clearly appears, we think, from the evidence. The Superior Court found in its decree that appellant in good faith believed that in the lifetime of the deceased she was his lawful wife. Appellees' counsel urge that there is evidence tending to show appellant knew when she married the assured that he had a wife living in Germany from whom he was not divorced. We are of opinion, however, that the evidence warrants the

finding of the chancellor in this regard. There is evidence tending to show that appellant after the marriage ceremony uniting her, as she supposed, in lawful marriage to the assured, lived with him in all respects as his wife; that she helped him in his business, gave him the money she had inherited "from the old country," that this money was invested in his business and used for their joint support, that she cared for him in sickness and did housework, that she paid dues and assessments for the assured to the complainant lodge out of their joint funds and that he and she had nothing to live on except the income from his business. We can discover no reasonable ground, in view of this evidence, for holding that appellant does not come within the class designated in the statute as "persons dependent upon the member." To this effect is the holding in Senge v. Senge, 106 Ill. App., 140–142. In Martin v. Modern Woodmen of America, 111 Ill. App., 99–101, it is said that the term "dependent" as used in the statute "need not be a complete dependence upon the member for support, but a regular and partial dependence is sufficient to entitle the party to the benefit of the certificate"; citing Alexander v. Parker, 144 Ill., 355–366, where it is said that "a dependent as the term is used in reference to these benevolent associations is one who is sustained by another or relies for support upon the aid of another." It is clear that appellant in the case before us comes within this definition and was a member of a class out of which under the by-laws of the complainant order and the statute the assured was entitled to name a beneficiary; and that having been so named in the certificate of the assured, appellant is entitled to the fund.

The decree of the Superior Court must therefore be reversed and the cause remanded for proceedings not inconsistent with the views above expressed.

*Reversed and remanded.*

MR. JUSTICE SMITH dissenting.