(85 South. 696)

**SOVEREIGN CAMP, W. O. W., v. HOEHN.**
(6 Div. 946.)

(Supreme Court of Alabama.  April 8, 1920. Rehearing Denied May 20, 1920.)

1. **Insurance ⬤⇒825(1) — Dependency mixed question of law and fact.**

Under the requirements of Gen. Acts 1911, p. 700, as to relationship or dependency of beneficiary of a benefit certificate, dependency is usually a mixed question of law and fact, to be determined by the jury under proper instructions from the trial judge.

2. **Insurance ⬤⇒770—"Dependency" defined.**

Under the requirements as to dependency of a beneficiary of a benefit certificate under Gen. Acts 1911, p. 700, the beneficiary must be dependent on the member in a material degree for support or maintenance or assistance, and the member's obligation must rest on some moral or legal or equitable ground, and not on the purely voluntary or charitable impulse or disposition of the member.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dependency.]

3. **Insurance ⬤⇒770—Dependency must exist at time of beneficiary's nomination and member's death.**

Under the requirements as to dependency of a beneficiary of a benefit certificate under Gen. Acts 1911, p. 700, the beneficiary must be a dependent both at the time of his nomination and also at the time of the member's death, so that neither past independence nor potential future independence is material.

4. **Insurance ⬤⇒825(1) — Whether beneficiary was dependent held for jury.**

Whether trained nurse, able to earn her own living, who had nursed member's wife until she died, was dependent on member of a beneficial society when nominated by him as beneficiary of his benefit certificate and also at the time of his death, held for the jury; her status of partial dependence not having been changed, as a matter of law, by the fact that for 30 days prior to his death he furnished her nothing of value and that she earned a small amount by one professional service.

5. **Insurance ⬤⇒818(1)—Certificate admissible in action thereon.**

In action on benefit certificate, it was competent for plaintiff to introduce in evidence the original certificate with the member's indorsement nominating plaintiff as the substituted beneficiary, and also the new certificate showing that substitution, for, while the recital that plaintiff was dependent on the member was not binding on defendant, her nomination as such was in issue and was properly provable by the certificates.

6. **Evidence ⬤⇒471(2)—Statement as to membership in household not objectionable as conclusion.**

In action on a benefit certificate, plaintiff beneficiary's dependency being in issue, statement of a witness for plaintiff that plaintiff was a member of insured's household, to the extent that she slept and boarded there, was not objectionable as being the witness' conclusion.

7. **Evidence ⬤⇒121(1)—As to familiar terms of address of insured by beneficiary part of res gestæ.**

In action on benefit certificate, plaintiff beneficiary's dependency being in issue, plaintiff was properly allowed to state that she addressed the member and his wife as uncle and aunt, and that they called her by her first name; it being a part of the res gestæ.

8. **Appeal and error ⬤⇒1050(2)—Admission of immaterial evidence held not prejudicial.**

In action on benefit certificate, plaintiff beneficiary's dependency being in issue, the admission of evidence that plaintiff beneficiary had 14 years ago nursed a niece of insured in his home, if erroneous, as being but slightly material, held not prejudicial.

9. **Insurance ⬤⇒818(1) — Conversation with member admissible on issue of dependency.**

In action on benefit certificate, plaintiff beneficiary's dependency being in issue, a conversation between her and the member, when she first arrived at his home, was relevant to show the status of plaintiff as then initiated.

10. **Insurance ⬤⇒818(1) — Whether member had any blood relations living held immaterial.**

In such action, whether the member had any blood relations living at the time plaintiff beneficiary first arrived at his home was not relevant to the issue of her dependency, so that plaintiff's statement that he did not know of any should have been excluded.

---

**11. Appeal and error ⬌1050(2)—Cumulative evidence on immaterial point not prejudicial.**

Where statement as to a matter of trifling importance was, through another witness, already before the jury without objection by appellant, its cumulative admission was not prejudicial.

**12. Appeal and error ⬌1058(2)—Exclusion of question to witness not prejudicial in view of other testimony.**

In action on benefit certificate, plaintiff beneficiary's dependency being in issue, where it fully appeared without dispute from other testimony of plaintiff, who was a trained nurse, that her services to the member and his wife were gratuitous, and that fact clearly strengthened her case, no prejudice could have resulted from the exclusion of defendant's question to her, "So whatever you did there was gratuitous on your part, not expected to be paid for?"

**13. Insurance ⬌818(1)—Plaintiff beneficiary's religious affiliation immaterial.**

In action on benefit certificate, defendant's question to plaintiff intended to discover her religious affiliation, and, specifically, that she was a member of the Catholic Church, was properly excluded as irrelevant.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by Lena Hoehn against the Sovereign Camp of Woodmen of the World upon a benefit certificate issued upon the life of William Herrick, in which she was named beneficiary. Judgment for plaintiff, and defendant appeals. Affirmed.

C. H. Roquemore, of Montgomery, for appellant.

A person cannot be named as a beneficiary of a member of a fraternal order, unless he comes within the class provided by law and the rules and regulations of the society, and a person not a dependent cannot be named as a beneficiary. Acts 1911, p. 700; 145 Ala. 301, 40 South. 411; 153 Mass. 314, 26 N. E. 866, 11 L. R. A. 144, 25 Am. St. Rep. 637; 140 Mass. 580, 5 N. E. 634; 50 Wis. 614, 7 N. W. 561; 148 Cal. 195, 82 Pac. 781, 2 L. R. A. (N. S.) 653, 113 Am. St. Rep. 219, 7 Ann. Cas. 356; 223 Ill. 301, 79 N. E. 112, 7 L. R. A. (N. S.) 393; 81 Mo. App. 545; 59 Ohio St. 531, 53 N. E. 54; 101 Tenn. 16, 46 S. W. 758; 60 Mich. 44, 26 N. W. 826; 6 Bush. (Ky.) 429, 99 Am. Dec. 683; 41 Ga. 153; 79 Kan. 493, 101 Pac. 1, 25 L. R. A. (N. S.) 814, 17 Ann. Cas. 865; 44 Okl. 596, 145 Pac. 802; 158 N. C. 351, 74 S. E. 10, 39 L. R. A. (N. S.) 450.

Beddow & Oberdorfer, of Birmingham, for appellee.

Whether or not Miss Hoehn was a dependent is a jury question and was properly submitted to the jury. 1 Bacon, Ben. Soc. § 261; 22 Tex. Civ. App. 106, 53 S. W. 829; 90 Neb. 578, 134 N. W. 239, 37 L. R. A. (N. S.) 1191; 153 Mass. 314, 26 N. E. 866, 11 L. R. A. 144, 25 Am. St. Rep. 637; 156 N. Y. 268, 50 N. E. 840, 41 L. R. A. 648, 66 Am. St. Rep. 564; 132 Mich. 69, 92 N. W. 770, 102 Am. St. Rep. 382; 33 N. E. 817.

SOMERVILLE, J. In general conformity with section 6 of the Act of April 24, 1911 (Gen. Acts 1911, p. 700), defendant's constitution provides that death benefits are payable to the person named by a member in the certificate as his beneficiary, "which beneficiary shall be his wife, children, adopted children, parents, brothers and sisters or other blood relatives, or to persons dependent upon the member." Plaintiff was not related to the deceased member by blood or marriage, or by adoption, and her right to recover the benefit in question depended upon her status of dependency upon the deceased.

[1-3] This is usually a mixed question of law and fact, to be determined by the jury under proper instructions from the trial judge. "The law does not undertake to prescribe just what degree of dependence is necessary. The test in each case should be good faith, purity of purpose, material dependence, and material support." 14 R. C. L. 1386, § 553. An excellent statement of governing principles has been made by the Supreme Judicial Court of Massachusetts as follows:

"Trivial or casual, or perhaps wholly charitable, assistance would not create the relationship of dependency, within the meaning of the by-laws. Something more is undoubtedly required. The beneficiary must be dependent upon the member in a material degree for support, or maintenance, or assistance, and the obligation on the part of the member to furnish it must, it would seem, rest upon some moral or legal or equitable grounds, and not upon the purely voluntary or charitable impulses or disposition of the member." McCarthy. v. Supreme Lodge, etc., 153 Mass. 314, 26 N. E. 866, 11 L. R. A. 144, 25 Am. St. Rep. 637.

This definition of a dependent was quoted with approval in our own case of Morey v. Monk, 145 Ala. 301, 40 South. 411, and seems to be the accepted law. Caldwell v. Grand Lodge, etc., 148 Cal. 195, 82 Pac. 781, 2 L. R. A. (N. S.) 653, and note, 113 Am. St. Rep. 219, 7 Ann. Cas. 356, and note; Sovereign Camp, etc., v. Noel, 34 Okl. 596, 126 Pac. 787, 41 L. R. A. (N. S.) 648; 14 R. C. L. 1385, § 553. Of course the beneficiary must be a dependent, in this legal sense, both at the time of his nomination and also at the time of the member's death. So neither past independence, nor potential future independence, can affect the inquiry.

[4] The evidence in this case showed that plaintiff's father was dead, and that her mother was aged and dependent herself, and that plaintiff was unmarried and had no

means of support except her own labor, her occupation, casually or regularly pursued, being that of a trained nurse; that, at the deceased member's request, she left an employment at Cullman and went to his home to nurse his wife, then old and seriously ill: that she was a friend of himself and wife, of long standing and great intimacy, and that she went to them without promise of compensation, and never exacted or received any; that upon her arrival on December 23, 1917, the member, Mr. Herrick, told her, if she would look after her "Aunt" Belle as long as she lived, she (plaintiff) would never want as long as he lived; that plaintiff remained in their home, living at their table, until the wife's death on April 1, 1918, and thereafter remained and looked after Mr. Herrick until May 1st; that during May she had some employment and earned $15, and was not then doing anything for Mr. Herrick, who had broken up housekeeping and taken a room in another house, except that she would go to his room occasionally and mend his clothes and put them in order, which she did on the evening of his death, June 1st; and that during May Mr. Herrick did not furnish her any board, clothing, or money for her support. The evidence shows also that, prior to her entry into Mr. Herrick's home, plaintiff was earning an independent living, and that she had the capacity, if exerted, to do so at the time of his death, and that she was nominated as beneficiary on or about April 1st, the day of Mrs. Herrick's death.

Under the circumstances shown it was very clearly a question of fact for the jury to determine whether plaintiff became a dependent upon Mr. Herrick in the legal sense of the word, and, if so, whether that status still existed at the time of his death on June 1st. Certainly we cannot affirm as a matter of law that the legal and moral obligation apparently assumed by him to aid her during his lifetime was abandoned or discontinued, and the status of partial dependency changed, by the mere circumstance that for 30 days he had furnished her nothing of value, and she had earned a small amount by one professional service. We hold, therefore, that the general affirmative charge was properly refused to defendant.

[5] It was competent for plaintiff, as the several counts of the complaint were framed, to introduce in evidence the original certificate with the member's indorsement nominating plaintiff as the substituted beneficiary, and also the new certificate showing that substitution. Of course, the recital that plaintiff was a dependent upon the member was not binding upon defendant; but her nomination as such was one of the facts in issue, and was properly provable by the certificates. So far as count A is concerned, there can be no serious contention of a variance between the certificate sued on and the certificate offered in evidence.

[6] The statement of a witness for plaintiff that she was a member of Mr. Herrick's household, to the extent that she slept and boarded there, was not objectionable as being a conclusion of the witness.

[7] As bearing upon plaintiff's status in the household, plaintiff was properly allowed to state that she addressed the Herricks as uncle and aunt, and that they called her "Lena." It was a part of the res gestæ, and admissible for what it was worth, in connection with the other evidence.

[8] The fact that plaintiff had 14 years ago nursed a niece of the Herricks in their home was but very slightly material to any issue in the case; but, if its admission was erroneous, it was of too little consequence to justify a reversal of the judgment. The true issue was clearly submitted to the jury, and prejudice could hardly have resulted from their knowledge of so trifling a circumstance.

[9] The conversation between plaintiff and Mr. Herrick, when she first arrived at his home, was relevant to show the status of plaintiff as then initiated, and was properly admitted.

[10, 11] Whether or not Mr. Herrick had any blood relations living at that time was not relevant to the issue. Hence plaintiff's statement that he told her that he did not know of any should have been excluded. However, the matter was of trifling importance, in whatever aspect the jury may have considered it, and, through the witness Powers, the same statement was already before the jury without objection from defendant. Its cumulative admission cannot therefore be treated as prejudicial.

[12] Since it fully appeared without dispute, from other testimony of plaintiff, that her services to the Herricks were gratuitous, and that fact clearly strengthened her case, no prejudice could have resulted from the exclusion of defendant's question to her:

"So whatever you did there was gratuitous on your part, not expected to be paid for?"

[13] Defendant's question to plaintiff, intended to discover her religious affiliation, and, specifically, that she was a member of the Catholic Church, was properly excluded, because of its obvious irrelevance.

We have given due consideration to all of the assignments of error argued by counsel, and find nothing to justify a reversal of the judgment.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.