(96 South. 859)

### FRANK v. FRANK. (3 Div. 602.)

(Supreme Court of Alabama. May 10, 1923. Rehearing Denied June 14, 1923.)

1. Insurance ⬥771—Beneficiary of one insured in benefit association and designated as wife held not precluded from taking as dependent, when it appeared she had not been legally married.

Where one insured in a benefit association had designated his beneficiary as his wife, when in fact she was not legally married to him, due to the fact that he had living a previous wife from whom he was not divorced, which fact was not known to the beneficiary then living with him, held, that she was still a proper beneficiary under a by-law of the association which permitted a wife or persons dependent upon or members of insured's family to be named as beneficiaries; the fact that she was designated as a wife instead of a dependent being insufficient to disqualify her as a dependent.

2. Insurance ⬥825(1)—Condition of dependency of one who thought herself legally married held not broken as matter of law, immediately upon learning true facts.

Where one named as the beneficiary of one insured in a benefit association and designated as insured's wife, when in fact she had never been legally married, had lived with insured for nearly ten years, in ignorance of the fact that she had been victimized, and had borne him a child, held, that it could not be said as a matter of law that her condition of dependency was broken immediately upon discovery of her true relation or upon the illness of insured which resulted in his death, so as to preclude her taking under the policy as a dependent.

3. Evidence ⬥248(2)—Letters written by insured held not binding on beneficiary.

Where one insured in a benefit association had designated his beneficiary as his wife, when in fact he was not legally married to her, though he had lived with her for ten years, due to the fact that he had a previous wife living, letters written by insured to his first wife before his death were not binding on beneficiary named in the policy.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill of interpleader by the Modern Woodmen of America against Nevada Frank and Levada Frank. From a decree of Nevada Frank, Levada Frank appeals. Affirmed.

Brassell, Brassell & Brassell, J. Paul Jones, and W. P. McGaugh, all of Montgomery, for appellant.

A person nominated as beneficiary upon one relationship cannot recover upon proof of a different eligible relationship. Duenser v. Sup. Council, etc., 262 Ill. 475, 104 N. E. 801, 51 L. R. A. (N. S.) 726; Cartwright v. McGown, 121 Ill. 395, 12 N. E. 737, 2 Am. St. Rep. 105; Grimme v. Grimme, 198 Ill. 265, 64 N. E. 1088; Columbian Circle v. Auslander, 222 Ill. App. 61; Alexander v. Parker, 144 Ill. 364, 33 N. E. 183, 19 L. R. A. 187. The beneficiary must be dependent upon the member in a material degree, and the obligation of the member must rest upon some legal or moral grounds. McCarthy v. Supreme Lodge, 153 Mass. 314, 26 N. E. 866, 11 L. R. A. 144, 25 Am. St. Rep. 637; 14 R. C. L. 1386; Sovereign Camp v. Hoehn, 204 Ala. 248, 85 South. 696; Morey v. Monk, 145 Ala. 301, 40 South. 411. Appellee repudiated any dependency after her knowledge of the bigamous relationship. Applebaum v. Order, etc., 171 N. C. 435, 88 S. E. 722.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

The eligibility of a beneficiary is to be determined by reference to the laws of the

---

state wherein the society was organized. 29 Cyc. 111; Booz v. Booz, 183 Iowa, 381, 167 N. W. 93; Mund v. Rehaume, 51 Colo. 129, 117 Pac. 159, Ann. Cas. 1913A, 1243; Mikesell v. Mikesell, 40 Pa. Super. Ct. 392; Bush v. M. W. A., 182 Iowa, 515, 152 N. W. 31, 162 N. W. 59: Anderson v. R. L., 130 Minn. 416, 153 N. W. 853, L. R. A. 1916B, 90. Ann. Cas. 1917C, 691; Bush v. Garner, 73 Ala. 162. Appellee having lived with insured as his wife, believing herself to be such and being dependent upon insured, comes within the statutory definition of dependent. Wojanski v. Wojanski, 136 Ill. App. 614; Afro-Am. Ins. Co. v. Adams, 195 Ala. 147, 70 South. 119; Slaughter v. Slaughter, 186 Ala. 302, 65 South. 348; Sovereign Camp v. Hoehn, 204 Ala. 248, 85 South. 696. The evidence having been heard orally by the trial court, its conclusions or issues of fact are accorded the same weight as the verdict of a jury. Faulkner v. Fowler, 201 Ala. 685, 79 South. 257; Clifford v. Montgomery, 202 Ala. 609, 81 South. 551; State v. Merrill, 203 Ala. 686, 85 South. 28; Andrews v. Grey, 199 Ala. 152, 74 South. 62.

ANDERSON, C. J. Samuel Moore Frank died in 1922, having in force at the time a benefit certificate for $2,000 with the Modern Woodmen of America; the same being payable to this appellee, Nevada Frank, with whom he was living as his wife when the certificate was issued, and with whom he continued to reside as such until a very short time before his death, when taken to the Insane Asylum at Tuscaloosa. The benefit society admitted liability, but suggested rival claimants to the funds who came in and propounded their respective claims to the same. It seems that the said Frank was lawfully married to the appellant, Levada Frank, at Columbus, Miss., in 1898, and continued to live with her as his wife until about the year 1910, when she left him and returned to Columbus, after being with him a few months in Montgomery. Frank continued to reside in Montgomery and to all intent and purpose lived like a single man when he met and wooed the appellee, Nevada Frank, to whom he was married under a statutory license and by a most reputable minister at Montgomery in the year 1913, and, as above noted, lived with her as his wife until his last illness which resulted in his death. It may be conceded that Frank was never legally divorced from wife No. 1, and we may therefore concede that he was not lawfully married to this appellee, though the evidence shows she had resided with him as his wife in good faith and without any knowledge of the existence of wife No. 1. There was an attempt to show that the appellee knew of the existence of wife No. 1, and of the issue of the first marriage, but the evidence was ore tenus, and the trial court held that the appellee was a dependent upon said Frank within the contemplation of the by-laws in effect, holding that the cohabitation was in good faith on her part; and, independent of the presumption in favor of the conclusion of the trial court on the facts, the weight of the evidence negatives any knowledge on the part of the appellee of the existence of the first wife and children until the fact was divulged to her by Frank while delirious and just previous to his death.

[1] Section 50 of the by-laws of the order sets out who may be beneficiaries, and among others includes the wife or persons dependent upon or members of the family of the member at the time of his death. Section 51 provides for the payment of the certificate in case the beneficiary dies or is disqualified. It is true the appellee was designated as the wife of the member and was not, but being a dependent both at the time he took out the certificate and at the time of his death, she was a beneficiary within the terms of section 50. We cannot agree that, because she was named as wife, when in fact she was not, this precluded her from taking as a dependent and subordinated her claims to those mentioned in section 51. The mere fact that she was designated as wife instead of dependent did not disqualify her as a dependent simply because she was not so designated. She was named as beneficiary, and if she fell under any class permitted she was still the named beneficiary, notwithstanding she may have been improperly described.

This order seems to have been organized under the laws of Illinois, and the court of that state has so construed the by-laws in question in the case of Wojanski v. Wojanski, 136 Ill. App. 614, and that case is quite similar to the one at bar. The rule is thus laid down:

"One who has lived with the member as his wife, believing herself to be such, who was dependent upon such member for her support, comes within the statutory definition of 'persons dependent upon the member,' notwithstanding she was not a lawful wife of such member, although designated as such in the certificate."

See, also, Mutual Life Ins. Co. v. Cummings, 47 L. R. A. (N. S.) 253, and many cases cited in the note.

[2] We also think that the evidence justified the trial court in finding that this appellee was a dependent upon Frank both at the time he procured the certificate and at the time of his death, within the rule declared in our own case of Sovereign Camp v. Hoehn, 204 Ala. 248, 85 South. 696, and Morey v. Monk, 145 Ala. 301, 40 South. 411. It is true the appellee discovered, a few months before the death of Frank, that the appellant was his living wife, but there is no proof that she continued the illegal cohabitation, as he was removed to the asylum, where he died. True, she manifested a wifely interest in him and continued, to all intent

and purpose, for a reasonable time, to regard herself as a dependent and to expect some provision for herself and child, either in case of the death of Frank or his restoration to health, notwithstanding the invalidity of their marriage. She had lived with him nearly ten years as a wife, in ignorance of the fact that she had been victimized, and had borne him a child, and we cannot say, as matter of law, that her condition of dependency was broken immediately upon a discovery of the facts, or by his illness which resulted in death. She at least had a reasonable time to readjust herself to a change, which was inevitable after a discovery of the true state of affairs, and, notwithstanding the insanity of Frank and his lingering illness, it was a question of fact for the trial court sitting as a jury, to determine from all of the facts whether or not the appellee, with a purity of purpose, had a right to so regard herself and in fact was a dependent upon Frank up to the time of his death, within the contemplation of the by-laws of the order. Sovereign Camp v. Hoehn, 204 Ala. 248, 85 South. 696. The trial court found that she was, and we are not inclined to disturb the conclusion. It may be, Frank could have intercepted the dependence by a repudiation of the relationship, but which we do not decide, as the proof fails to show that he did so in such a manner as to be binding on this appellee.

[3] The letters written to his first wife were not binding on appellee. Moreover, they were penned by a lunatic and were produced by a diseased and distorted brain. We think that all or most of the cases cited by counsel for appellant can be differentiated from the case in hand, but, should any of them oppose it, we would not be inclined to recede from the present holding in order to follow same.

The decree of the circuit court is affirmed. Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.