## DOSTER v. UNITED STATES.
### No. 7 M.

District Court, M. D. Alabama, N. D.
May 3, 1940.

Fred S. Ball, Jr., of Montgomery, Ala., for plaintiff.

T. D. Samford, U. S. Atty., of Montgomery, Ala., and Richard N. Ivins, Atty., Department Of Justice, of Chattanooga, Tenn., for defendant.

CHARLES B. KENNAMER, District Judge.

Asberry Spivey enlisted in the military service of the United States on July 10, 1917, and served during the World War as a soldier in the army of the United States until he was honorably discharged on June 24, 1919. While in said service, he applied for and obtained from the defendant, United States of America, a policy of war risk yearly renewable term insurance in the amount of $5,000, effective November 26, 1917, with the beneficiary named therein as Vinie Fowler Spivey, his mother, on which all premiums required by law were duly paid.

Asberry Spivey was found to have become permanently and totally disabled on November 19, 1920, by a judgment of the United States district court for the western district of North Carolina, Asheville division, entered February 9, 1931, and insured was thereby entitled to insurance benefits of $28.42 per month from and after November 19, 1920.

On September 24, 1921, the said insured, Asberry Spivey, married Jessie Lou Allen, a sister of the plaintiff in this cause, Nola Allen Doster.

On December 26, 1922, the said Jessie Lou Allen Spivey died leaving no issue of said marriage surviving.

On February 21, 1931, and before any of the monthly installments · payable to Asberry Spivey during his lifetime by virtue of the judgment of the United States district court for the western district of North Carolina—Spivey v. United States of America, Cause No. 920—had been paid, Asberry Spivey died. At the time Asberry Spivey died, Vinie Fowler Spivey, his mother, was still the named beneficiary in the policy of war risk insurance, but Asberry Spivey died leaving a ,last will and testament which was in words and figures as follows:

"I, Asberry Spivey, being of sound mind, but knowing the uncertainty of life, do hereby make this my last will and testament.

"I desire that all of my property of every kind shall go at my death to Nola Allen; and I now make and nominate said Nola Allen as beneficiary and owner of my $5,000.00 policy of war risk insurance for the purpose of collecting and disposing of same as she sees fit; I also want to her my United States Adjusted Service Certificate No. 1924888 and all claim thereto and interest therein. And I hereby appoint said Nola Allen as Executrix of this my will, without bond.

"In testimony whereof I have hereunto set my hand and seal to this my will on this the 30th day of March, 1929.
"Asberry Spivey (Seal.)

"Signed and sealed by the above named Asberry Spivey in the presence of us, who, at his request and in his presence and in the presence of each other, subscribe our names as witnesses hereto, on this 30th day of March, 1929.

"Harold F. Beatty
"Witnesses: "F. H. Morris
"Jay F. ReMine."

This will was made, signed, and executed, and the beneficiary and executrix, Nola

Allen, named therein, after the death of Jessie Lou Allen Spivey, wife of Asberry Spivey and sister of Nola Allen.

Said will was duly probated in the Superior Court of Buncombe County, North Carolina, on March 6, 1931, and on that date plaintiff, Nola Allen Doster, whose name at that time was Nola Allen, was duly appointed and qualified as executrix under said will.

One hundred and twenty three installments of $25.57 each, aggregating $3,171.68, were paid by the defendant, United States of America, to Nola Allen, plaintiff in this cause, as executrix of the estate of Asberry Spivey, deceased, throughout the period commencing November 19, 1920, and ending March 18, 1931.

Forty-eight monthly installments of $25.-57 each, aggregating $1,201.79, were paid to Mrs. Vinie Fowler Spivey, mother of the deceased, and designated beneficiary in the policy, by the United States of America, for the period commencing March 19, 1931, and terminating February 18, 1935.

Mrs. Vinie Fowler Spivey died on January 29, 1935.

Thirty-eight monthly installments of $25.57 each, aggregating $971.66, were paid Nola Allen Doster, plaintiff, in her individual capacity as alleged beneficiary in the will, by the defendant United States of America, during the period from February 19, 1935, to and including April 18, 1938. This amount was paid Nola Allen Doster after the death of Mrs. Vinie Fowler Spivey.

On or about July 23, 1938, the defendant paid plaintiff, as executrix, the sum of $632.34, the balance due the estate of the deceased, after the sum of $971.66, which the defendant alleges was erroneously paid to Nola Allen Doster, in her individual capacity as alleged beneficiary under the will of Asberry Spivey, and after the death of Mrs. Vinie Fowler Spivey, had been deducted. This amount—$632.34—as urged by the defendant, was a full and complete discharge and accord and satisfaction as to the balance of said insurance remaining unpaid. Certain amounts were also paid by the defendant to the attorney who represented Asberry Spivey in his suit against the government in which he was declared permanently and totally disabled as of November 19, 1920.

Plaintiff, now a resident of Montgomery, Alabama, and a citizen of the State of Alabama, brings this cause of action against the defendant, United States of America, for the sum of one thousand two hundred one and 79/100 ($1,201.79) dollars, together with the interest thereon. This is the amount paid by the defendant to Mrs. Vinie Fowler Spivey, the designated beneficiary in the war risk insurance policy and mother of deceased, and covering payments due from the death of the insured until the death of Mrs. Vinie Fowler Spivey.

Conclusions of Law and Decree.

Title 38, United States Code Annotated, § 511, is as follows:

"Persons entitled to; amounts; time for application for; to whom payable; expense of; premium rates. * * *

"Yearly renewable term insurance shall be payable only to a spouse, child, grandchild, parent, brother, sister, uncle, aunt, nephew, niece, brother-in-law, or sister-in-law, or to any or all of them, and also during total and permanent disability to the injured person.

"Where the beneficiary for yearly renewable term insurance at the time of designation by the insured is within the permitted class of beneficiaries and is the designated beneficiary at the time of the maturity of the insurance because of the death of the insured, such beneficiary shall be deemed to be within the permitted class even though the status of such beneficiary shall have been changed."

The wording and clear intent of this act is to benefit and protect the dependents and relatives of the veteran, and Nola Allen Doster, if she is to establish her claim to the amount sued for, as the designated beneficiary under the will of Asberry Spivey, the insured deceased soldier, must first allege and prove that she is within the permitted class of beneficiaries set out in the above-cited section of the act.

Nola Allen Doster bases her claim on the relationship of sister-in-law by reason of the marriage of her sister Jessie Lou Allen to Asberry Spivey, and that this relationship by affinity continued notwithstanding the fact that her sister was dead at the time she was designated a beneficiary in the will of Asberry Spivey, and that her sister died leaving no surviving issue.

The question now arises: Was Nola Allen Doster, the plaintiff, the sister-in-law of the assured, within the meaning of the War Risk Insurance Act, on the date when the assured made his last will and testament and designated Nola Allen Doster the beneficiary?

It is the opinion of this court that under the law of the State of Alabama and the State of North Carolina, Nola Allen Doster was not related by affinity, after the death of her sister Jessie Lou Allen Spivey, who died leaving no surviving issue, to the assured Asberry Spivey; that upon the death of Jessie Lou Allen Spivey, no issue having been born or surviving, the relationship by affinity between Asberry Spivey and Nola Allen Doster—sister-in-law and brother-in-law—ceased; that the relationship between Nola Allen Doster and Asberry Spivey having ceased at the time of the death of Jessie Lou Allen Spivey, and the last will and testament of Asberry Spivey, in which Nola Allen Doster was designated the beneficiary of the insurance policy, not having been made until after the death of the wife and sister, Jessie Lou Allen Spivey, the plaintiff does not come within the permitted class of beneficiaries under the War Risk Insurance Act, above cited, and therefore is not entitled to recover this claim.

Whether or not death or divorce, in the absence of children, terminates a relationship by affinity, is a matter of local law. Steele v. Suwalski, 75 F.2d 885, 886, 99 A.L.R. 588; Morey v. Monk, 145 Ala. 301, 40 So. 411; Allen v. Cunningham, 143 Tenn. 11, 223 S.W. 450; State v. Shaw, 25 N.C. 532.

In Pegues v. Baker, 110 Ala. Page 251, 17 So. 943, Chief Justice Brickell says: "The death of the wife may have dissolved the relation by affinity between the defendant and the justice, and, if there were not children of the marriage surviving, the justice would not be incompetent. But, as there are children surviving, the disqualification continues * * *."

In Morey et al. v. Monk, 145 Ala. 301, 40 So. 411, 412, the court says: "Although the defendant was the stepson of Maj. Morey, the affinity was dissolved by the death of his mother, which was prior to the changing of the policy in his favor, as his mother left no children by Maj. Morey to continue the affinity existing prior to her death."

The plaintiff, not being within the permitted class of beneficiaries at the time of being designated a beneficiary, the motion made by the defendant to dismiss the plaintiff's complaint is hereby granted, and the complaint is dismissed.