# The Fraternal Tribunes v. John Teutsch et al.
## On appeal of Charlotte Houle et al., Appellants.

## Gen. No. 16,491.

1. FRATERNAL BENEFIT SOCIETIES—*when designation of beneficiary void.* If a person designated as beneficiary does not fall within one of the classes permitted to be named as beneficiaries under the statute the designation is void.

2. FRATERNAL BENEFIT SOCIETIES—*phrase "legal beneficiary of the deceased member" defined.* The words "legal heirs of the deceased member," as used in the statute pertaining to designation of beneficiaries, do not include the widow of the deceased member.

3. FRATERNAL BENEFIT SOCIETIES—*extent of rights of beneficiary.* The beneficiary in an insurance certificate issued by a mutual benefit society has no vested rights in the contract of mutual benefit insurance during the life of the assured.

4. FRATERNAL BENEFIT SOCIETIES—*when designation of beneficiary sufficient.* Where no formalities or specific directions are required by the constitution, by-laws or certificate, for directing the payment of the fund in case the legal beneficiary named in the certificate is dead, any clear definite direction or designation of the beneficiary by the insured to whom he desires the fund to be paid will suffice provided such designated beneficiary is one of a class who can legally receive the fund.

Interpleader. Appeal from the Circuit Court of Cook county; the HON. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed April 24, 1912.

**Statement by the Court.** The Fraternal Tribunes, a fraternal insurance society, filed a bill of interpleader in the Circuit Court against John Teutsch and Martha Houle, appellees, and Charlotte Houle, Conrad F. Houle, Alma Houle and Anna M. Houle, minors, and John Teutsch, their guardian, appellants, praying that they be required to answer the bill and settle their adverse claims for the amount due from complainant under a certain benefit certificate issued to one William S. Houle, a deceased

member of said order, June 30, 1900. All of the defendants answered the bill admitting the same and setting forth their several claims to the fund and replications were filed thereto.

After the usual orders were entered for the defendants to interplead, complainant deposited with the clerk of the court the sum of $977.50, the amount named in the certificate less $22.50 costs to complainant for filing the bill.

On the hearing the court found that Martha Houle was the equitable beneficiary of the certificate and decreed that the clerk pay said sum of $977.50 to her, and that the other defendants pay the costs, to reverse which decree this appeal is prosecuted.

The record discloses that Annie Houle, the wife of said William S. Houle, was named as beneficiary in the original certificate; that she died May 28, 1904, leaving her surviving her said husband, and said Charlotte Houle, Conrad F. Houle and Alma Houle, her children by her said husband; that on June 27, 1904, William S. Houle named John Teutsch, "brother-in-law, dependent," as beneficiary, surrendered the first certificate, and in lieu thereof the society issued another certificate of the same number and amount with "John Teutsch, brother-in-law, dependent," as beneficiary therein; that, March 6, 1905, William S. Houle married Martha Houle, appellee, and one child, Anna M. Houle, was born of said marriage, and that said four minors are his only heirs; that on September 23, 1907, said William S. Houle, being ill and in bed and unable to sit up and write, directed his wife, Martha, to write to Mrs. Faulkner, the then secretary of the Home Tribunal of the Fraternal Tribunes, of which he was a member, the following note:

"Mrs. Faulkner: I am sick in bed and can't get out. I want my policy changed to my wife, Martha Houle. Kittie Wehrle, my sister-in-law, is bringing the papers

to you.  Please let her sign my name to papers as I am too weak to write.  She has the money with her.

Yours truly,<br>W. S. Houle,<br>M. H."

The record further shows that at his direction his sister-in-law, Kittie Wehrle, took said note and certificate and a two dollar bill with which to pay the fee, to Mrs. Faulkner's home, but did not find Mrs. Faulkner at home; that she "stood around there fourteen or fifteen minutes," rang the door bell twice, and receiving no response returned with the papers; that he then directed her to stay at home from work and to take the papers back to Mrs. Faulkner the next morning and to have the policy changed, because he was very sick; that on the following morning, September 23, 1907, at one o'clock, the said William S. Houle died; and that many times within six months prior thereto William S. Houle had told Mrs. Faulkner that he intended to change the certificate and make it payable to his wife, Martha, instead of John Teutsch, and that she had pointed out to him what was necessary to so change it.

The evidence further discloses that the initials "M. H," signed to said note are the initials of Martha Houle and signify that she wrote the note for her husband and at his request; that both of said certificates provide that the "Laws, Rules and Regulations of this order now in force or hereafter adopted, be made a part of this contract;" and that in the event that said member complies with all the laws, rules and regulations and is in good standing at his death, said sum is to be paid to the beneficiary designated.  Three by-laws of the order introduced in evidence and in full force in the order provide as follows:

"Sec. 160.  Applicants shall enter upon their application the name or names of such person or persons as are hereby authorized to whom they desire the benefit

to be paid, namely: The wife, husband, heir, child or children, or some one related to him by blood; provided, however, that any member desiring after born children to participate as beneficiaries may so designate without doing so by name, subject to further disposal of the benefit as the member may thereafter direct, as permitted by the laws of the order.   *   *   *

"Sec. 161. Members may at any time when in good standing surrender their benefit certificates and have new ones issued to such beneficiary or beneficiaries allowed by the preceding section as they may direct upon the payment of fifty cents. Such surrender and direction must be made in writing, signed by the member desiring to make such surrender and forwarded under the seal of the home tribunal with the benefit certificate and fee to the Supreme Secretary. But no change of direction shall be valid or have any binding force or effect until the foregoing provision has been complied with and new benefit certificate issued.

"Sec. 164. In the event of the death of all the beneficiaries selected by the member before the decease of such member, if no other or further disposition thereof be made, a benefit shall be paid to the legal heirs of the deceased member, and if no person or persons shall be entitled to receive such benefit by the laws of the order, it shall revert to the benefit fund."

WILLIAM M. LAWTON, for appellants.

SAMUEL J. ANDALMAN, for appellees.

MR. JUSTICE DUNCAN delivered the opinion of the court.

The evidence clearly shows that John Teutsch, the beneficiary named in the second certificate did not live with William S. Houle at or before June 27, 1904, but was a married man living with his own family and was not furnished with clothing or means of sustenance of any kind by William S. Houle, and was not a blood relative of said deceased. No contention is

here made that the designation of John Teutsch as a beneficiary was legal, and it appearing that he did not fall within any one of the classes permitted to be named as beneficiaries under said Sec. 160, his designation as a beneficiary was void. Alexander v. Parker, 144 Ill. 355.

The acts of naming Teutsch as a beneficiary and having the second certificate issued naming him as beneficiary being void, there was no change in the beneficiary or further disposal of the benefit, as permitted by the laws of the order prior to September 22, 1907. The real issues for solution in this case then are between Martha Houle, widow, and the four minor children, the heirs of William S. Houle, deceased. It is well settled in this State that the words, "legal heirs of the deceased member," found in said Sec. 164, do not include the widow, and that the said four minors are the only legal heirs of said deceased. Cauch v. St. L. Mut. L. Ins. Co., 88 Ill. 251; Alexander v. The Northwestern M. A. Ass'n, 126 Ill. 558.

It is also the well settled law that the beneficiary in an insurance certificate issued by a mutual benefit society has no vested rights in the contract of mutual benefit insurance during the life of the assured; and that, the contract being between the society and the member, the latter may change the beneficiary at any time in accordance with the statute, the charter and by-laws of the society and the certificate itself. In the absence of any provision of the statute, by-laws or charter or the certificate of insurance, expressly authorizing or prohibiting a change of beneficiary by the member, the latter has a vested right to make such change, from the character and purpose of the society itself. Delaney v. Delaney, 175 Ill. 187.

What restrictions by said certificate and by-laws were placed upon the right and power of William S. Houle to appoint or designate a beneficiary to whom said fund should be paid? The three sections of the

by-laws above quoted are the only provisions of the contract in evidence that bear upon this question. Said Sec. 160 simply requires that "applicants shall enter upon their application the name or names of such person or persons as are hereby authorized to whom they desire the benefit to be paid, namely: the wife, husband, heir, child or children, or some one related to him by blood, * * * subject to such further disposal of the benefit as the member may thereafter direct, as permitted by the laws of the order."

Sec. 161 provides the mode by which a member might change the disposition of the fund from one living beneficiary to another.

Section 164 is intended for the purpose of directing the disposition of the benefit fund in the event of the death of the legal beneficiary named in the certificate prior to the death of the assured and without directions by the latter for the disposition of the fund. Said sections 160 and 164 also recognize the right of the assured, in the case of the death of all designated beneficiaries, to direct the payment of the fund to any one or more of the classes of persons mentioned in said section 160. This clearly appears from the provisions of said two sections, *"subject to such further disposal of the benefit as the member may thereafter direct,* as permitted by the laws of the order," and, *"if no other or further disposition thereof be made."* Section 161 only applies when a new certificate is desired naming a new beneficiary instead of a living beneficiary previously named. The last sentence of that section instead of being against this contention rather adds force to it, to wit: "But no change of direction shall be valid or have any binding force or effect until the foregoing provision has been complied with and a new benefit certificate issued." In this case now before us no legal living beneficiary had been designated by the assured prior to his dictating the above note to Mrs. Faulkner, except his first wife, Annie, who was then

dead.   Hence, there was no living designated bene-
ficiary to be changed, and in the absence of any further
designation by the assured, the fund would be payable
to his legal heirs as provided by Section 164.   All
these by-laws were specially intended to protect the
society in paying this fund to any legal living bene-
ficiary named in the certificate after the death of the
assured, and to only compel it to investigate the rights
of heirs or other designated beneficiaries in case there
was no living beneficiary named in the certificate who
could legally receive the fund.   The foregoing conclu-
sions are sustained by the case of Order of Foresters
v. Malloy, 169 Ill. 58, which is very similar in all essen-
tials to the case at bar.

No formalities or specific directions are made or
required by said Section 164, or by any other section of
the by-laws in evidence, or by the certificate itself, for
directing the payment of the fund by the assured in
case the legal beneficiary or beneficiaries named in the
certificate are dead.   In the absence of any such pro-
visions, any clear, definite direction or designation of
a beneficiary by the assured to whom he desires the
fund to be paid will suffice, provided such designated
beneficiary is one of a class who can legally receive
the fund.   1 Bacon on Benefit Societies, Sec. 308a;
Masonic Mut. Ass'n v. Bunch, 109 Mo. 560; Hirschl v.
Clark, 81 Ia. 200; Highland v. Highland, 109 Ill. 366.

The said fund was not effects of the deceased which
would go to his personal representatives, as his prop-
erty would do.   It was merely a benefit fund which his
lodge, after his death, were to pay to whom he had
directed it to be paid.   No particular character of in-
struments, such as a will, was required to make the
direction of the assured.   It could be made by a paper
or note signed by the assured, such as the one in evi-
dence in this case, expressing his intention and directed
to the society or its secretary, and without surrender

or change of the certificate. Hirschl v. Clark, supra; Highland v. Highland, supra.

The execution of the note or direction of the insured in this case to Mrs. Faulkner was established by a competent witness, and there is no evidence to the contrary. Directing or requesting the society or its secretary to change his policy so as to make it payable to his wife, Martha, should be held to be in legal effect a direction to the society to pay the fund to her after his death. He was acting in view of the fact that he was likely to die soon, and he did all that he could do at that time to have a new certificate issued payable to her, which would have, as he well knew, the effect of securing to her the fund after his death. The decree of the Circuit Court is, therefore, affirmed.

*Decree affirmed.*