## Leola Quest, Appellee, v. Grand Lodge Brotherhood of Locomotive Firemen and Enginemen, Appellant.

FRATERNAL BENEFICIARY ASSOCIATIONS—*sufficiency of informal change of beneficiary.* The provisions of the constitution and by-laws of a fraternal benefit society prescribing a formal manner for the change of beneficiary by a member without the consent of the beneficiary, and that no change of beneficiary shall be binding until the formal statement of change shall be received by the general secretary of the society and a new certificate issued by him, and providing that in case there is no beneficiary of the class permitted by such constitution and by-laws, the fund shall revert to the beneficiary fund of the society, apply only to a change during the life of the original beneficiary, and where the original beneficiary died during the member's life, as did also another who was named as beneficiary by the member after the death of the first one, a valid change was affected by the member by writing a letter to the secretary of his local lodge, who had possession of the member's certificate so that the formal statement could not be prepared by him, directing that a specified person be named as his beneficiary in place of the one who had died.

Appeal by defendant from the Circuit Court of St. Clair county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the March term, 1923. Affirmed. Opinion filed July 2, 1923. Rehearing denied October 23, 1923. *Certiorari* denied by Supreme Court (making opinion final).

F. H. BACON and TURNER, HOLDER & BULLINGTON, for appellant.

W. E. KNOWLES, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is an action in assumpsit brought by Leola Quest, appellee, against Grand Lodge Brotherhood of Locomotive Firemen and Enginemen, appellant, to recover $1,500 under a benefit certificate issued to one Lee W. Barrett. Appellant is a mutual benefit association and issued a benefit certificate or policy to the deceased, Lee W. Barrett, December 10, 1904, in which the mother of Barrett was designated as the beneficiary. The mother subsequently died and on April 11, 1914, Barrett had a new certificate issued naming his uncle, I. M. Bostwick, with whom he lived, as the beneficiary. Bostwick died August 8, 1918, and Barrett after that made his home with appellee until the latter part of November, 1919, when he went to Oklahoma where he was at the time of his death, on December 9, 1920. Appellee was a daughter of Bostwick and a cousin to Barrett. She testified that in the latter part of 1919 the deceased, at her home in Dupo, Illinois, wrote a letter to the secretary of the John A. Logan Lodge at Murphysboro, Illinois, a subordinate lodge of appellant which had issued his certificate or policy, directing that the certificate or policy be changed and naming appellee as the beneficiary thereunder. She testified that he wrote the letter; that it was read by herself, her husband and a Mr. Boner, and that she mailed it. The husband of appellee testified that this letter was written and read by the three persons named. He also testified that the secretary of the local lodge of appellant at Murphysboro told him after Barrett's death that he had received the letter, and that everything would be all right. Guss H. Boner testified that he was the collecting agent for the Metropolitan Insurance Company, and that in the latter part of November, 1919 he called at appellee's home to collect the premium on the policy held by Mr. Barrett in his company, and that Barrett, who was

present at the time, had appellee named as a beneficiary in the policy held in the Metropolitan Company in place of said I. M. Bostwick, who had been the beneficiary, and that at the same time deceased said, "Now I might just as well change the beneficiary on my railroad insurance" and that he wrote a letter to the secretary at Murphysboro requesting that appellee be named as beneficiary in the policy issued by appellant; that after the letter was written by Barrett it was read by this witness and by appellee and her husband and the deceased then folded the envelope and asked for a stamp, which was the last that he saw of the letter. Notice was served on appellant to produce this letter, but it was stated by its attorneys that there was no such letter in appellant's possession and proof of its contents was thereupon made as above stated. Appellant introduced in evidence certain parts of its constitution and by-laws.

To the declaration appellant filed a plea of the general issue and two special pleas setting forth in substance the issuing of the two certificates, and that a change in the beneficiary named in the second policy had not been made in the manner provided by the laws of appellant. Issues were joined on these pleas and the case was tried before the court without a jury and judgment rendered in favor of appellee for $1,613.12.

The contention of appellant in this case is that there is no liability to appellee under the certificate in question for the reason, as it is claimed, the deceased had not made a change of beneficiary in the manner provided by the laws of the association, and that therefore the proceeds of the certificate belonged to the beneficiary fund. Those parts of the constitution and by-laws of appellant pertaining to the change of beneficiaries are as follows:

Section 1—(b) All members who are eligible shall be required to participate in the beneficiary department, for the purpose of providing substantial

relief for members who may become totally and permanently disabled or incapacitated to perform any manual labor from any of the causes set forth in the constitution, and not otherwise, and for the further purpose of providing an insurance to be paid to one or more of the prescribed beneficiaries named herein upon the death of a member; provided, that his certificate has not been previously satisfied and canceled because of the allowance and payment of his disability claim.

(c)   A member may designate as his beneficiary or beneficiaries one or more persons of the following class, and no other, viz., wife, child or children, mother, father, sisters, brothers, blood relations, or persons dependent upon him for support, and in the event that a member has no wife or children living, he may then designate as a beneficiary a charitable institution.

(e)   Should there be none of the last named class of persons living and there be no beneficiary named in the certificate who is entitled to the amount thereof, the proceeds shall belong and revert to the beneficiary fund.

Section 8—(a)   A member desiring to change his beneficiary shall make such change in writing on the form printed on the back of the beneficiary certificate, and such change can be made without the consent of the beneficiary.   Said certificate must be forwarded to the general secretary and treasurer.

(b)   A beneficiary shall not have nor shall he acquire a legal, equitable or vested interest in or to said certificate, or the proceeds thereof, so as to prevent any member from changing his beneficiary.

(c)   The member's signature thereto shall be acknowledged before a Notary Public, or other officer authorized by law to take acknowledgments, and such officer shall attach his official seal thereto, or, having no official seal, a certificate issued by a court of record

shall be attached, certifying that the officer administering the oath was duly qualified.

(d)   A change or transfer of beneficiary shall not be valid or have any binding effect until said certificate has been received by the general secretary and treasurer and by him canceled, and a new certificate issued wherein the new designation of beneficiary shall appear; provided, that when a member's beneficiary certificate has been lost or destroyed, or possession of the same is denied or refused to the member by anyone having possession of same, the member may direct a change of beneficiary upon a form prescribed by the general secretary and treasurer wherein the member shall describe the missing beneficiary certificate, explain why he cannot surrender same, direct its cancellation, that all assessments shall cease on same, and authorize the issuance of a new certificate on which assessments shall be payable.

(e)   The member shall sign and make affidavit of such statement before a Notary Public or other officer authorized to administer oaths, and such officer shall attach his official seal thereto, or, having no official seal, a certificate issued by some court of record shall be attached certifying that the officer administering the oath was duly qualified.

(f)   A change or transfer of beneficiary shall not be valid or have any binding effect until said statement has been received by the general secretary and treasurer, and a new certificate has been issued wherein the new designation of beneficiary shall appear.

It is conclusively shown that in 1919 the deceased wrote a letter to the secretary of the subordinate lodge at Murphysboro requesting the issuance of a new certificate naming appellee as beneficiary, and that at this time the certificate or policy of deceased was in the hands of such secretary at Murphysboro for safekeeping.   If the requirements concerning the change of a beneficiary as above set forth apply to the naming

of a new beneficiary in the case of the death of the original person named as beneficiary, then appellee cannot recover in this case.

We are of the opinion, however, from a reading of the certificate in question and the constitution and by-laws which appellant introduced in evidence, it was not intended that such provisions should apply to a case where the named beneficiary had died, but that such provisions were to apply only where a change was desired to be made in the beneficiary during the lifetime of the beneficiary named in the certificate, and that these provisions were adopted for the purpose of protecting appellant against conflicting claims of two living beneficiaries. It should be noted that there are no specific directions made by the constitution and by-laws introduced in evidence or by the certificate itself for the naming of a new beneficiary in case the beneficiary named in the certificate should die, other than that the proceeds shall be paid to certain persons therein named or in case there are no such persons as named, then to the beneficiary fund. Under a very similar state of facts the Appellate Court of the First District of this State in the case of the *Fraternal Tribunes v. Teutsch*, 170 Ill. App. 47, held that the naming of a new beneficiary by a letter very similar to the one written by Barrett was a sufficient designation of a new beneficiary. In that case the by-laws provided in what manner a change could be made in a beneficiary, and that no such change should be valid or have any binding force or effect until such provision had been complied with and a new benefit certificate issued, and that in the event of the death of all the beneficiaries selected by the member before the decease of the member and if no other or further disposition of the benefits had been made, that the same should be paid to the legal heirs of the insured, or, if there were no such persons entitled to receive them, then such proceeds should revert to the

benefit fund. It appeared from the record that the insured originally named his wife as beneficiary; that she died and he named his brother-in-law and that afterwards he married again.

Just the day before his death the insured in that case wrote a letter to the secretary of the society requesting that his second wife be named as the beneficiary in the certificate. The insurance society filed a bill of interpleader asking the court to decree to whom the proceeds of the certificate should be paid, the insured having left children by both his first and second wives. The court held that the provisions of the by-laws concerning the manner in which beneficiaries could be changed were especially intended to protect the society in paying the fund to any legal living beneficiary named in the certificate after the death of the insured, and to only compel it to investigate the rights of the heirs or other designated beneficiaries in case there was no living beneficiary named in the certificate who could legally receive the fund; that the writing of the letter was a sufficient designation of the beneficiary and that the proceeds should be paid to the wife named in such letter. As supporting its decision the court there cited the case of *Order of Foresters v. Malloy*, 169 Ill. 58. In that case Minnie Malloy instituted an action of assumpsit against the Order of Foresters to recover on a certificate issued by that order to one James Gorman. In that certificate, Maggie Gorman, wife of the insured, was named as beneficiary. She died before the death of the insured and he then by his will directed that the proceeds of this certificate should be paid to his sister, Minnie Malloy. It was the contention of the association that the provisions of its by-laws concerning the change of a beneficiary had not been complied with, and that the insured could not dispose of the fund by will. The constitution and by-laws provided the manner in which beneficiaries could be changed, and that parol evi-

dence of intention or desire to change the beneficiary should be disregarded. They also provided that in the event of the death of all the beneficiaries designated by the insured in accordance with the laws of the order, before the decease of such member, if he should have made no other or further disposition thereof, that the benefit should be paid to certain persons mentioned, and if there were no such persons then that the proceeds should revert to the endowment fund of the association. The Supreme Court considered the different provisions of the constitution and by-laws, section 3 of which was the one particularly providing the manner in which a beneficiary might be changed, and in disposing of the case used the following language: "Our construction of section 3 is, it was intended to provide a mode by which a member might change the disposition of the fund from one living beneficiary to another. The change was to be accomplished by surrendering the certificate, which in terms designated the beneficiary first chosen, and procuring a new certificate directing the payment to be made to the new beneficiary by name. The power to make the change of beneficiaries was to be exercised as a right, —not a privilege. It was not proposed by section 3 to restrict in the slightest this right of the member, and the sole purpose of its adoption was to secure the surrender of the certificate naming the person first chosen as beneficiary, to the end the order should not be involved in litigation because of the 'adverse demands of living claimants. In cases arising under section 5, the certificate held by the assured determines the liability of the order to pay the endowment. The section has no reference to the liability of the company to pay, but only as to who shall be the recipient. It recognizes the right of the assured to control the disposition of the fund, and assumes power to select the beneficiaries only in case the assured has not exercised his right to make such selec-

tion.   Appellee was the sister of the assured—one of the class entitled to take under section 2.   We think the assured, in view of the death of his wife, was fully authorized, under the constitution and by-laws of the order, to direct by will the disposition of the endowment."

So, in the instant case, the provisions of the policy sought to be invoked have no reference to the liability of the appellant to pay, but refer only to the person or persons to whom payments should be made.   Appellant had received premiums from this policy for sixteen years, which period included two years after the death of the beneficiary named in the certificate and one year after the letter naming a new beneficiary had been written.   In accordance with the rule laid down by the above authorities, we conclude that the provisions of the constitution and by-laws of appellant relied upon in this case have no application to the naming of a new beneficiary in place of one who has died during the life of the insured, but only applies where the insured desires to change the name of a living beneficiary.

It appears to us to necessarily follow from the application of this holding as applied to the facts in this case that the judgment of the trial court should be and it accordingly is affirmed.

*Affirmed.*