THE HIGH COURT CATHOLIC ORDER OF FORESTERS

*v.*

MINNIE MALLOY.

*Opinion filed November 8, 1897.*

1. BENEFIT SOCIETIES—*by-law construed.* A by-law of a benefit society that "no entry shall be made in any application or endowment certificate, or otherwise, permitting the designation by, or ascertainment by reference to, any will" of one to whom the benefit shall be payable, merely forbids incorporating in the application or certificate permission to name the beneficiary by will.

2. SAME—*effect of by-law concerning disposition of endowment by will.* A by-law of a benefit society which provides that "no will shall be permitted to control the appointment or distribution of, or rights of any person to, any endowment payable by this order," is intended to secure the rights of persons named as beneficiaries in the certificate from subsequent disposition of the endowment by the member's will, during their lifetime.

3. SAME—*when by-law recognizes member's right to dispose of endowment by will.* A by-law which provides that "in the event of the death of all the beneficiaries designated by a member, in accordance with the laws of the order, before the death of such member, if he shall have made no further disposition thereof the benefit shall be paid" to certain designated persons, recognizes the member's right, upon the death of his named beneficiary, to dispose of the endowment by will, to any person eligible as a beneficiary.

*Catholic Order of Foresters* v. *Malloy,* 67 Ill. App. 665, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

E. S. CUMMINGS, for appellant:

If a contract of a benefit society provides that a member shall be bound by any amendment to the by-laws adopted after his contract of insurance was made, and it is properly passed, it is valid against him. Niblack on Benefit Societies, sec. 56, p. 59.

Members may consent that new by-laws or amendments shall enter into and form parts of their contracts modifying or varying them. Niblack on Benefit Societies, sec. 27, p. 64.

An application for membership and a certificate of endowment in a benefit society are construed together. *Northwestern Ass.* v. *Bloom*, 21 Ill. App. 159; *Supreme Council* v. *Curd*, 111 Ill. 284.

Where a certificate of membership in a mutual benefit society expressly provides that the assured shall have the right, during his membership, to substitute beneficiaries by complying with the laws of the order, the laws of the order will be held those in force at the time the change in the beneficiary is asked. *Catholic Knights* v. *Franke*, 137 Ill. 118.

No change can be made by a beneficiary in an endowment certificate in any other mode or manner than that provided in the constitution and by-laws. Niblack on Benefit Societies, sec. 218, p. 415.

A last will and testament is wholly ineffectual to make a change and dispose of the benefit fund where the by-laws of the society point out the manner in which the change is to be made, and such change is not valid. Niblack on Benefit Societies, sec. 220, p. 420; *Hellenberg* v. *Supreme Lodge*, 94 N. Y. 588; *McCarthy* v. *Supreme Lodge*, 153 Mass. 315; *Howland* v. *Taylor*, 111 Ind. 121; *Vollman's*

*Appeal*, 92 Pa. St. 50; *Stevenson* v. *Stevenson*, 64 Iowa, 534; *Mellow* v. *Mellow*, 61 N. H. 137; *Olmstead* v. *Missouri Benefit Society*, 57 Kan. 93.

In a fraternal benefit society the member has no property right in the endowment fund, and upon his death the fund will not pass to his estate. Bacon on Benefit Societies, sec. 238.

CARPENTER BROS., for appellee:

The laws, rules and regulations of benevolent associations are to be given a liberal and reasonable construction, and one that, so far as may be consistently done, will advance the generous and beneficent aims and designs of the association. *Alexander* v. *Parker*, 42 Ill. App. 455; Bacon on Benefit Societies, secs. 247, 255; May on Insurance, secs. 174, 175.

A policy of insurance should be liberally construed in favor of the beneficiaries named by the insured. *Stone's Admr.* v. *United States Cos. Co.* 34 N. J. 375; *Accident Ass.* v. *Frohard*, 33 Ill. App. 178.

In determining the powers of associations, their charters and laws are to be construed like other instruments, the object being to discover the intention of the parties; and to this end, and to carry out the purposes and objects of the organization, a liberal policy has generally obtained. Bacon on Benefit Societies, secs. 348, 91, 62, 69, 74, 78; *Folmer's Appeal*, 87 Pa. St. 133.

A by-law, like any other law, is a rule prescribed for future conduct,—not to act retrospectively,—by which a forfeiture is incurred or an onerous condition imposed amounting to a forfeiture. *Female College* v. *Cooper*, 25 Ill. 133; *Benton* v. *Brotherhood*, 146 id. 570; *Kersten* v. *Voigt*, 61 Ill. App. 42.

Where the statute under which a benevolent corporation is organized and its charter adopted, designates certain classes of persons as those for whom a benefit fund is to be accumulated, a person not belonging to any

or either of such classes is not entitled to take the fund. *Alexander* v. *Parker*, 144 Ill. 355.

Where the right to change the beneficiary named in the certificate of a benevolent association exists by the statute under which the association is organized and at the time the certificate is issued, such right is one of the considerations entering into the contract, and is a material right which cannot be taken away by the legislature. *Kersten* v. *Voigt*, 61 Ill. App. 42.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellant is a mutual benefit order. One James Gorman became a member of the order on the 15th day of September, 1888, and died on the 14th day of July, 1893, in good standing. The endowment certificate or policy of insurance provided, in the event of the death of the assured, for the payment of $1000 to his wife, Maggie Gorman, who died prior to the death of her husband; the assured. James Gorman, the assured, died testate. His will contained, among others, the following clause: "I give the remainder of my personal estate, including anything that may come to my estate by reason of any insurance in the Order of Catholic Foresters, to my sister, Mrs. Minnie Malloy." This was an action of assumpsit instituted by the appellee, Minnie Malloy, in the circuit court of Cook county, against the appellant order, to recover the endowment fund provided to be paid by the certificate issued to the said James Gorman. The cause was submitted to the circuit court without a jury, upon a written stipulation of facts. The court found for the appellee and entered judgment in her favor. The order appealed to the Appellate Court, and, the judgment of the circuit court being affirmed, perfected an appeal to this court.

The only question presented by the record is whether the endowment provided by the certificate issued to James Gorman to be paid to Maggie Gorman, deceased, shall be paid to the appellee by force of the provisions of the will

of the said assured, or to persons mentioned in class 1, paragraph 2 of section 2, article 12, of the constitution and by-laws of the order. In determining this question it is necessary the constitution and by-laws of the order relating to it be consulted and interpreted. They are as follows:

"Sec. 2. (1) Each applicant shall enter upon his application the name or names and relationship or dependence of the members of his family, or those dependent upon him, to whom he desires his endowment paid, and the same shall be entered in the endowment certificate according to said directions.

"(2) Endowment may be made payable to the following classes of persons: *Class First*—To a member's (1) wife; (2) children; (3) grandchildren; (4) father and mother; (5) grand parents; (6) brothers and sisters; (7) nieces and nephews; (8) cousins in the first degree; (9) aunts and uncles; (10) next of kin who would be distributees of the personal estate of such member upon his death intestate, —in either of which cases no proof of dependency shall be required before issuing the endowment certificate. *Class Second*—To any other person who is dependent, etc.

"(3) No entry shall be made in any application or endowment certificate, or otherwise, permitting the designation by, or ascertainment by reference to, any will of the person or persons, trustees or beneficiaries, to whom any endowment shall be payable or the amount or share of any beneficiary. No will shall be permitted to control the appointment or distribution of, or rights of any person to, any endowment payable by this order.

"Sec. 3. (1) A member may at any time, when in good standing, surrender his endowment certificate, and a new certificate shall thereafter be issued, payable to such beneficiary or beneficiaries as the member may direct, in accordance with the laws of the order, upon a payment of a fee of fifty cents. Said surrender and direction must be made in writing, signed by the member, and forwarded

under seal of the subordinate court, with the endowment certificate, to the high secretary. Parol evidence of intention or desire to change the beneficiary must be disregarded.

"Sec. 5. In the event of the death of all the beneficiaries designated by the member in accordance with the laws of the order, before the decease of such member, if he shall have made no other or further disposition thereof, the benefit shall be paid to the persons mentioned in class first, paragraph 2, section 2, of this article, if living, in the order of precedence as therein enumerated; and if no person of said class shall be entitled to receive such benefit by the laws of this order, as herein expressly provided, it shall revert to the endowment fund."

Section 5 above set out was adopted for the purpose of directing the disposition of an endowment in case of the death of the beneficiary named in the certificate prior to the death of the assured, and in the absence of directions by the assured for the disposition thereof. It presupposes a case where the assured died in possession of a certificate of the order providing for the payment of an endowment to a person therein named to receive it, but who did not survive the assured to enjoy it. Standing alone, section 5 clearly recognizes the right of the assured, in such state of case, to direct the payment of the fund by his will, provided, of course, the person named to receive it should fall within the class of persons named in class first, paragraph 1 of section 2, of the by-laws of the order.

But it is urged the mode of disposing of such fund by such assured is controlled by said paragraph 3 of section 2, and section 3, of the same article 12 set out above. Section 2 relates to the mode of making an application for membership in the order and as to what shall be set out in such an application. It provides in paragraph 1, each applicant shall insert in his application the name or names, and relationship· or dependence upon him, of

the person or persons to whom he desires the endowment to be paid, and paragraph 2 enumerates the classes of persons who may be so named in an application. Then follows paragraph 3, which provides it shall not be permissible to insert a clause in an application allowing the applicant to designate by his will a person to receive the endowment, or a clause to the effect the person to receive the endowment shall be ascertained by reference to his will. The concluding sentence of the paragraph, which is, "no will shall be permitted to control the appointment or distribution of, or rights of any person to, any endowment payable by this order," is but a declaration that an assured shall not be permitted, by his will, to control the benefit of the fund as against the person named in the application, and certificate based thereon, as entitled to receive it. The first sentence of paragraph 3 forbids the incorporation in an application of permission to name the beneficiary by will, and the purpose and true interpretation of the last sentence are, the party required to be named as the beneficiary by the first sentence shall not be defeated of his right to the endowment by any provisions which may be found in the will of a member. Paragraph 3 has no reference to a case where the beneficiary named in the application and certificate in accordance with the provisions of the first paragraph has departed this life. Its office is to secure the designation in the application of a beneficiary as required in the first paragraph of the section, and to prevent an evasion of such designation by the insertion of a clause in the application authorizing the member to thereafter select the beneficiary and designate him or her in his will.

It is contended by appellant it was incumbent upon the assured, Gorman, upon the death of his wife, to comply with the provisions of section 3 in order to be entitled to make the "other or further disposition of the endowment" contemplated by section 5. Our construction of section 3 is, it was intended to provide a mode by which a member

might change the disposition of the fund from one living beneficiary to another. The change was to be accomplished by surrendering the certificate, which in terms designated the beneficiary first chosen, and procuring a new certificate directing the payment to be made to the new beneficiary by name. The power to make the change of beneficiaries was to be exercised as a right,—not as a privilege. It was not proposed by section 3 to restrict in the slightest this right of the member, and the sole purpose of its adoption was to secure the surrender of the certificate naming the person first chosen as beneficiary, to the end the order should not be involved in litigation because of the adverse demands of living claimants. In cases arising under section 5 the certificate held by the assured determines the liability of the order to pay the endowment. The section has no reference to the liability of the company to pay, but only as to who shall be the recipient. It recognizes the right of the assured to control the disposition of the fund, and assumes power to select the beneficiaries only in case the assured has not exercised his right to make such selection. Appellee was the sister of the assured—one of the class entitled to take under section 2.

We think the assured, in view of the death of his wife, was fully authorized, under the constitution and by-laws of the order, to direct by will the disposition of the endowment. The implication to be drawn from the language of the will, that the testator possibly regarded the endowment as a part of his estate, can have no effect to defeat the manifest intention the appellee should receive it. It was a disposition of the endowment, and is not to be defeated by the fact the testator did not entertain the correct view as to the relation the fund bore to his personal property or effects.

The judgment of the Appellate Court must be and is affirmed.                              *Judgment affirmed.*