[No. 15455.  Department Two.  January 2, 1920.]

SUPREME ASSEMBLY OF UNITED ARTISANS, *Plaintiff*, v.
IVA JOHNSON, *Respondent*, HILMA POWERS
*et al., Appellants.*[1]

INSURANCE (207)—MUTUAL BENEFIT INSURANCE—BENEFICIARIES—DESIGNATION—BY-LAWS—EFFECT.  Where the by-laws of a mutual benefit insurance company gave the insured the right to select his beneficiary within certain restrictions, and he did so in his application by naming his wife, and his two children and in the event of her death, there being no stipulation against alternate or secondary beneficiaries, the subsequent issuance of the certificate containing the name of the wife only was not a rejection of the children as beneficiaries upon the death of the wife; and in such case, upon the member's remarriage, the children are the beneficiaries to the exclusion of the second wife, notwithstanding a subsequent by-law provided that, in the event of the death of the beneficiary before the death of the member, if no other designation has been made, the benefits shall be paid to the "widow."

SAME (207).  A by-law of a mutual benefit association which provided that, in the event of the death of the beneficiary before the death of the member, the benefits shall be paid to the widow, "if no other designation has been made," refers to a designation by the member in his lifetime, either before or after the death of the beneficiary named in the certificate.

SAME (196)—BY-LAWS—RULES AND CUSTOMS—EFFECT.  A mere custom or office rule of a mutual benefit insurance company not to issue certificates in which alternate or secondary beneficiaries are named, not brought home to the member's knowledge, are not binding upon him, if not incorporated in or made part of its printed matter distributed to members.

Appeal from a judgment of the superior court for Clarke county, Back, J., entered December 13, 1918, upon findings in favor of a certain claimant to a fund in court, in an action in interpleader.  Reversed.

*McMaster, Hall & Drowley,* for appellants.

*Bates & Burnett,* for respondent.

[1]Reported in 186 Pac. 1065.

Tolman, J.—On February 5, 1896, John W. Johnson made a written application for membership in the United Artisans, a fraternal benefit society, in which he directed that, at his death, the benefits should "be paid to Mary C. Johnson, and in case of her death, to Anna M. and Hilda C. Johnson, related to him as wife and children." On February 10th following, the society issued to Johnson a benefit certificate in which Mary C. Johnson, the wife, was alone named as beneficiary, and in which there was no provision for the disposition of the fund in the event that the beneficiary named should die before her husband. At the time of making the application and the issuance of the benefit certificate, there was no by-law or other regulation of the society providing for the disposition of the benefit funds in the event of the death of the beneficiary named, prior to the death of the member; but thereafter on January 1, 1903, a by-law became effective, which, so far as is here material, provides:

"In the event of the death of the beneficiary named in his certificate of membership before the death of such member, if no other designation has been made, the benefits shall be paid to the widow."

In 1906, Mary C. Johnson died, and in 1907, John W. Johnson was married to respondent, who became his widow upon his death in 1918. After Johnson's death, the society determined that there was due to his beneficiary, or beneficiaries, $1,488, and as this was claimed by respondent, as his widow, under the by-law referred to, and also by the appellants, the daughters, under the designation contained in the application, the society began this action in interpleader, and paid the money into court. The trial court found in favor of respondent, and entered its judgment discharging the society from all liability, allowing it costs and directing that the fund be paid to respondent as the widow,

and denied the daughters any interest therein. This appeal is from that part of the judgment which denies the appellants' rights and awards the fund to respondent.

The society, by by-law, limits the member's right to select his beneficiary to certain named relatives and dependents, and then provides, "within the above restrictions, each member shall have the right to designate his beneficiary, and from time to time, have the same changed in accordance with the laws, rules and regulations of the society," etc., and it seems apparent that who, within such designated classes, shall be so named by the member is a matter of no concern to the society, and that the only contract in that respect between the society and the member is that the beneficiary named shall be within the restrictions referred to.

"The power of appointment of beneficiaries (within the classes recognized by statute) rested exclusively with the member, as much so as his power to name legatees or devisees in a will, and the rule of construction of wills may very well be applied to the construction of a certificate; that is to say, the intention of the member is the controlling element. 1 Bacon on Benefit Societies, Sec. 255; *Union Mut. Ass'n v. Montgomery,* 70 Mich. 587; *Duvall v. Goodson,* 79 Ky. 224." *Dennis v. Modern Brotherhood of America,* 119 Mo. App. 210, 95 S. W. 967.

If this be so, then the society has no right to reject any beneficiary named by the member, who is within the limits of eligibility.

The contract between the member and the society consisted of the application for membership, the certificate of membership, and the laws, rules and regulations of the order, and, in a general sense, the application may be regarded as an offer to contract, and the certificate of membership as an acceptance of that

offer; but in this case the offer was made in the light of the by-law already referred to, which, after the fixing of the eligible classes, gave the member an absolute right to designate his beneficiary, stipulating only that such beneficiary should be eligible under the by-law, and therefore, children of the member being eligible, and there being no stipulation against naming alternate or secondary beneficiaries, there was nothing in the application under this head for the society to accept or reject, and the subsequent issuance of the certificate containing the name of the wife only as beneficiary was not, and could not have been, a rejection of the children as beneficiaries to take in the event of the death of the wife. *Eckler v. Terry*, 95 Mich. 123, 54 N. W. 704; *Derrington v. Conrad*, 3 Kan. App. 725, 45 Pac. 458.

But it is contended that the by-law which became effective January 1, 1903, hereinbefore quoted, should be read as though the words "thereafter" or "subsequently" were written into it, so as to require the member, after the death of the beneficiary named in the certificate, to designate another in order to defeat its operation. The words, however, "if no other designation has been made," taken in their commonly accepted meaning, plainly refer to any designation made by the member in his lifetime, either before or after the death of the beneficiary named in the certificate, and no good reason is presented why, by construction, we should restrict them to a narrower meaning.

It is further contended that, as testimony was introduced by an official of the society to the effect that it was the custom of officers of that society to write the name of but one beneficiary into the certificate and not to issue certificates in which alternate or secondary beneficiaries were named, such custom became a part

of the laws, rules and regulations of the society which were binding upon the member; but, apart from the testimony of the same witness to the effect that such custom was never called to Mr. Johnson's attention, we think the laws, rules and regulations which are binding upon a member of such a society do not include mere customs or office rules designed to expedite its business, which are not incorporated in and made a part of its printed matter distributed to applicants and members to advise them of their rights and liabilities. *Walsh v. Aetna Life Ins. Co.,* 30 Iowa 133, 6 Am. Rep. 664.

It must be borne in mind that the member, Johnson, originally made his application for membership designating his daughters as beneficiaries to take the fund in the event of the death of his wife; that this application and designation were at all times in the office of the society as a part of its records, and that Johnson took no steps to change this situation, although he had remarried, and we must presume that it was his intention that the daughters should receive the money. Had he not remarried, his intention that his daughters should take would not have been questioned by any one, yet his remarriage had no effect whatever upon the designation theretofore made.

We conclude that that part of the judgment from which the appeal is taken must be reversed, with instructions to enter a judgment in harmony with the views herein expressed.

Judgment reversed.

HOLCOMB, C. J., MOUNT, BRIDGES, and FULLERTON, JJ., concur.