## No. 11,683.

Rose *v.* Brotherhood of Locomotive Firemen and Enginemen, et al.

Decided December 13, 1926.

Action on fraternal benefit certificate.   Judgment for intervener.

### *Reversed.*

### *On Application for Supersedeas.*

1.   Insurance—*Fraternal Associations.*   One of the distinguishing features of fraternal benefit insurance from ordinary insurance, is that the payment of death benefits in the former is usually confined to limited classes of persons.

2.        *Fraternal—Beneficiary.*   The eligibility of a beneficiary to take under a fraternal benefit certificate is to be determined by the laws of the state where the association is organized.

3.        *Fraternal—Change of Beneficiary.*   As a general rule, an attempted change of beneficiary under a fraternal benefit certificate is inoperative if not made in the manner prescribed by the constitution and by-laws of the association.

4.        *Fraternal Benefit Certificate—Construction.*   The intent of a member of a fraternal insurance society in designating a beneficiary in a certificate, like that of a testator, is often sought for in construing the certificate.

5.   Husband and Wife—*Presumption.*   It will be presumed that a man, living with his wife and minor child, intended the relationship of husband and wife to continue until death parted them.

6.   Insurance—*Fraternal Benefit Certificate—Construction.*   In an action on a fraternal benefit certificate, it is held that the intention of the insured to make his first wife the beneficiary is plainly indicated by the fact that her christian name and surname were both inserted in the certificate under his direction, the word "wife" being descriptive only.

7.      *Fraternal—Beneficiary—Divorced Wife.* If a divorced wife has an insurable interest in the life of the husband, this will support a policy of insurance, and if she is dependent on him when he dies, e. g., for monthly payments of alimony, she is eligible to take as a beneficiary, although not then his wife.

8.      *Fraternal—Beneficiary—Presumption.* In the absence of proof to the contrary, the presumption is that the person named as beneficiary in a fraternal benefit certificate is a legal one, notwithstanding the description by relationship of the person designated is not strictly correct. The test is, does she come within one of the eligible classes.

9.      HUSBAND AND WIFE—*Dependency—Insurance.* In an action on a fraternal benefit certificate, it is held that a divorced wife, receiving monthly payments of alimony under a court decree, is a dependent upon the divorced husband and entitled to take under a fraternal benefit certificate in which she was named as beneficiary, notwithstanding he had remarried.

10.     INSURANCE—*Fraternal Benefit Certificate—Vested Rights.* The rights of a party entitled to the fund under a fraternal benefit certificate become vested on the date of the decedent's death.

11.     *Fraternal Benefit Certificate—Construction—Beneficiary.* The court will, if possible, so construe the designation of a beneficiary in a fraternal benefit certificate, as to bring it within the power given by the statutes, and sustain its legality.

12.     *Fraternal Benefit Certificate—Distribution.* In an action on a fraternal benefit certificate, it is held that a part of the proceeds was lawfully expended for deceased's funeral expenses under the constitution and by-laws of the association, and that the beneficiary named in the certificate was entitled to the remainder.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Messrs. MORRISSEY, MAHONEY & SCOFIELD, Mr. FRANK J. OGLE, for plaintiff in error.

Mr. B. C. HILLIARD, Mr. JOHN A. CROSS, Mr. CON K. O'BYRNE, for defendants in error.

*En banc.*

Mr. Justice Adams delivered the opinion of the court.

Action brought by Mamie Rose against Brotherhood of Locomotive Firemen and Enginemen, to recover upon a beneficiary certificate, issued by it, insuring the life of one of its members, Joe V. Rose, since deceased; intervention by Florence Rose, and judgment for intervener. Plaintiff, Mamie Rose, brings the case here for review and asks for a supersedeas.

The brotherhood paid the money into court; it did not contest payment, but asked for an order of court directing distribution to the right person, resulting as above. The controversy is between plaintiff, decedent's divorced wife, and intervener, his wife at the time of his demise.

The brotherhood is a fraternal benefit society, organized under the laws of the State of Ohio. On March 2, 1918, it issued the above beneficiary certificate on Joe V. Rose's life, from its principal office in Cleveland, O., while Joe and plaintiff were married, and while she was dependent upon him for the support of herself and their minor child, an infant of tender years. The certificate recites, among other things, that "Mamie Rose, wife, related to him (Joe V. Rose) as herein stated, is hereby designated as his beneficiary, and if the aforesaid member shall not have made a later designation of beneficiary as may be provided in said constitution (of the brotherhood), the beneficiary named herein shall be entitled to receive from the beneficiary fund of the said brotherhood the sum of one thousand dollars; Provided that the beneficiary designated herein shall not acquire any legal, equitable or vested right or interest in and to the proceeds of this certificate which would prevent any change of beneficiary herein in the manner provided in said constitution."

After the issuance of the above certificate, Mamie Rose, Joe's wife, in the year 1922, obtained an absolute divorce from him for his faults, in which proceeding she was

awarded alimony for the support of herself and their minor daughter; part of alimony was payable monthly, at the rate of fifty dollars per month. In February, 1923, Joe sent an affidavit to the Brotherhood, stating that he wanted to have the policy made payable to "his children," although, in fact, at no time did he have more than one child. The secretary of the brotherhood replied, asking for more definite information as to the policy referred to, to identify it, and also requested Joe to give the name and relationship of the new beneficiary, but the latter did not answer the letter, nor make any further attempt to have the name of the beneficiary changed, and it was not changed, nor were the by-laws, too long to recite here, complied with, although there was plenty of time for Joe to attend to it.

On November 19, 1924, Joe married Florence Rose, the intervener; she was his wife and dependent upon him at the time of his death, which occurred on January 26, 1925 by accidental means. The policy issued by the brotherhood, without alteration as to the beneficiary therein designated, and without any other change, was in full force and effect when he died. The alimony decree was also then in continuous operation, and Joe continued to make his monthly payments to plaintiff as therein ordered, from October 1921 up to the time of his death. Plaintiff, Mamie Rose, did not remarry. Plaintiff's and Joe's child was about 13 years old when this suit was brought. Such other facts as are pertinent to the case will be told later on.

The only essential matter disputed is whether plaintiff was dependent upon deceased at the time of his demise, and if so, was she entitled to recover as against the adverse claim of intervener?

1. One of the distinguishing features of fraternal benefit insurance from ordinary insurance is that the payment of death benefits in the former is usually confined to limited classes of persons. 7 C. J. p. 1053; *Su-*

*preme Lodge K. of H. v. Davis,* 26 Colo. 252, 58 Pac. 595; *Chartrand v. Brace,* 16 Colo. 19, 26 Pac. 152, 12 L. R. A. 209, 25 Am. St. Rep. 235; *Finnell v. Franklin,* 55 Colo. 156, 134 Pac. 122. In the case before us, they are limited both by statute, and by the constitution and by-laws of the fraternity, which are, by necessary implication, embodied in the policy. *Finnell v. Franklin, supra; Sawyer v. Woodmen,* 65 Colo. 522, 526, 177 Pac. 968.

2. The brotherhood was organized under the laws of Ohio; the statute and by-laws have been properly pleaded, and are shown under a stipulation of facts. The section of the laws of that state here applicable are substantially like section 2604 of our 1921 Compiled Laws. The statute and the by-laws both include, among others, wives, widows and also dependents, in the list of eligible beneficiaries. These are the only classes in which we are now interested.

3. The by-laws provide that "should there be no legally designated beneficiary, then the fund shall be paid * * * as follows, in the order named: First: To the widow," etc. The result is that if Mamie Rose was a legally designated beneficiary, capable of taking under the statute and by-laws when Joe died, she should recover, and there will be nothing left for intervener, Florence Rose. Plaintiff's eligibility is determined by the laws of the state where the association is organized. *Mund v. Rehaume,* 51 Colo. 129, 136, 117 Pac. 159, Ann. Cas. 1913A, 1243.

4. Counsel for intervener claims that when Joe V. Rose sent an affidavit to the brotherhood, attempting to have the beneficiary changed to his "children," it indicated a changed purpose on Joe's part as to his desired beneficiary, but if this be true, it is likewise a fact that he did not ask to have it payable to intervener, so that even if effective, she would be precluded. The change of beneficiary was inoperative, however, because it was not made in the way prescribed by the constitution and by-laws of

the society. *Johnson v. N. Y. Life Ins. Co.*, 56 Colo. 178, 191, 138 Pac. 414, L. R. A. 1916A, 868; *Finnell v. Franklin, supra;* Bacon's Benefit Societies, § 307; 29 Cyc. 125; *Rollins v. McHatton,* 16 Colo. 203, 27 Pac. 254, 25 Am. St. Rep. 260.

There is nothing here to invoke the jurisdiction of equity in aid of an imperfect or uncompleted change of beneficiaries, nor is there any occasion for discussion as to when such jurisdiction might attach. Joe wrote his letter to the brotherhood nearly two years before he died, and he not having paid any attention to their reply asking for information as to his intentions, nor to their request for a reasonable compliance with their by-laws, and he having continued payment of premiums, we are justified in the conclusion that he abandoned any serious idea of changing the name of his beneficiary.

5. The intent of the member, like that of a testator, is often sought for in construing beneficiary certificates. *Chartrand v. Brace, supra;* Bacon's Benefit Societies, § 255; *Supreme Assembly of Artisans v. Johnson,* 109 Wash. 247, 186 Pac. 1065.

It will be presumed that a man, living with his wife and minor child, intended the relationship of husband and wife to continue until death parted them, for such was their mutual promise and the intendment of the law when they intermarried. It cannot be presumed that the husband intended to give his wife grounds for divorce, and that he would then marry another; neither can we impute to him a retroactive intent. The member knew that the policy matured only at his death, and his intention that his then wife, Mamie Rose, and no one else, would be his beneficiary if she survived him, is plainly indicated by the fact that her christian name and surname were both inserted in the policy under his direction. The word "wife" was descriptive only. *Overhiser v. Overhiser,* 63 Oh. St. 77, 57 N. E. 965, 50 L. R. A. 552, 81 Am. St. Rep. 612.

6. The underlying principles of the cases holding that a divorcee is barred from claiming as a wife after the separation, do not generally rest upon any supposed change of intent. The basic reason is that the wife, by the divorce, has become disqualified as an eligible, under the statutes and by-laws. But if another ground of eligibility remains, it cannot be justly said that because one ground is gone, that it carries all others with it. If one remains, it is sufficient; to hold otherwise would be equivalent to saying that one from two leaves nothing. It follows that if plaintiff was a dependent of deceased when he died, she is eligible, though not then his wife. *Supreme Council of Royal Arcanum v. Churlo,* 263 Fed. 755. If she still had an insurable interest in the life of her divorced husband, this will support the policy. *McKee v. Phoenix Insurance Co.,* 28 Mo. 383, 75 Am. Dec. 129.

In *Frank v. Frank,* 209 Ala. 630, 631, 96 So. 859, 32 A. L. R. 1478, it is said: ''We cannot agree that because she was named as wife, when in fact she was not, this precluded her from taking as a dependent and subordinated her claims to those mentioned in section 51. The mere fact that she was designated as wife instead of dependent did not disqualify her as a dependent simply because she was not so designated. She was named as beneficiary, and if she fell under any class permitted she was still the named beneficiary, notwithstanding she may have been improperly described.'' Citing *Wojanski v. Wojanski,* 136 Ill. App. 614.

We approve of the above language in the Alabama decision in its application to the instant case. We committed ourselves to this doctrine in *Supreme Lodge K. of H. v. Davis, supra.* There the deceased had directed payment to be made to his daughter, Mrs. Luie Davis. The evidence established the fact that she was his daughter-in-law, and so, it was claimed, she was not a member of deceased's family, that being one of the grounds of eligibility under the Missouri charter interpreted in the

case. But dependency was another ground entitling the recipient to enjoy the benefits, and we held her claim good. It is stated on page 256 of the opinion that the presumption is, in the absence of proof to the contrary, that the person named as the beneficiary is a legal one, and was selected by deceased from a class authorized to take as such, notwithstanding the description by relation of the person thus designated was not strictly correct. The test is, does she come within one of the eligible classes? *Royal Neighbors of America v. Fletcher,* 99 Okla. 297, 227 Pac. 426.

In *Supreme Council of Royal Arcanum v. Churlo, supra,* the court passed upon statutes of New York and Massachusetts, both of which, the opinion observes, provide for payments of benefits to a wife and to persons dependent upon a member of the fraternity; that case arose under a certificate issued to a member, designating his wife as beneficiary; she had obtained a divorce after the policy issued, but still received sums for maintenance, and it was held that she was not precluded from taking as a dependent. Such is the situation before us. The Churlo case refers to *Tyler v. Odd Fellows Mut. Relief Assn.,* 145 Mass. 134, 13 N. E. 360, cited in the briefs here, and the court points out that the element of the divorced wife's dependency was lacking in the Odd Fellows case, and so she lost her rights under the designation. But such element is not wanting here.

The views here expressed are not inconsistent with *Brotherhood of Railroad Trainmen v. Taylor,* 29 Oh. Cir. Ct. 171, nor with *Thomas v. Locomotive E. etc. Assn.,* 191 Iowa, 1152, 183 N. W. 628, 15 A. L. R. 1240, relied upon by counsel for intervener. The question of the divorced wife's dependency was not there involved. But in another Ohio case, *Starr v. Knights of Maccabees,* 27 Oh. Cir. Ct. 475, an allowance was held good as to one designated in the beneficiary certificate as wife, who, though in fact was not the wife of the deceased member when he

died, was, nevertheless, then dependent upon him for the support of herself and their children.

It is unnecessary to multiply further citations upon this point. They have to be analyzed with care because the by-laws of the different fraternities, and the statutes of the states are not only different, but have been changed with frequency.

7. Intervener claims that plaintiff did not establish that she was a dependent, but in *Supreme Lodge K. of H. v. Davis, supra,* we held that the presumption is that the beneficiary designated in the certificate comes within the prescribed class, and that the burden is on contestant to show that she is not. Intervener did not offer any evidence to rebut this presumption, but plaintiff did exhibit a copy of the alimony decree. The word "dependent" has been numerously and variously defined in dictionaries, encyclopedias, textbooks and decisions too numerous to refer to. No copy-book definition applicable to every situation is possible, but in the instant case, Joe V. Rose was legally and morally bound to provide support for his wife and their infant child in her custody, according to the court's decree. We shall not attribute to the court making the award, a despotic or arbitrary interference with deceased's domestic life, nor shall we conclude that it directed permanent alimony, and an allowance of fifty dollars per month to be paid by a working man, in modest circumstances, to his divorced wife, for the support of herself and their infant child, nor that deceased would keep up such payments until the time of his death, unless there was a necessity for it. We must hold that plaintiff was a dependent upon her former husband when he died, and that she was entitled to take under the certificate in which she was named as beneficiary.

8. We agree that the rights of the party entitled to the fund under a fraternal benefit certificate such as the one before us, become vested on the date of decedent's death. *Chartrand v. Brace, supra; Knights of Columbus v. Rowe,* 70 Conn. 545, 40 Atl. 451; *Brotherhood v. Taylor,*

*supra.* But this does not detract from plaintiff's position. She was a dependent at the time the certificate was issued, and remained such until the member's death. "The court will, if possible, so construe the designation as to bring it within the power given by the statutes and sustain its legality." Bacon's Benefit Societies (3d Ed.) § 255, p. 600.

9. A part of the proceeds of the policy was lawfully expended for deceased's funeral expenses, as permitted by the constitution and by-laws of the association, but the plaintiff is entitled to the remainder.

The supersedeas is denied and the judgment reversed, with directions to enter judgment for plaintiff for such unexpended balance.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE CAMPBELL, not participating.