Argued January 30, reversed March 5, rehearing denied April 2, 1929.

## UNITED ARTISANS LIFE ASSOCIATION *v.* ODD FELLOWS HOME OF OREGON ET AL.

(275 Pac. 39.)

For appellant there was a brief over the name of *Messrs. Angell, Fisher & Sabin,* with an oral argument by *Mr. Homer D. Angell.*

For respondent United Artisans Life Association there was a brief over the names of *Mr. R. E. Sewall* and *Mr. R. W. Sewall,* with oral arguments by *Mr. W. M. Hudson* and *Mr. Guy C. H. Corliss.*

For respondent L. K. Siegmund there was a brief over the name of *Mr. James G. Heltzel.*

For respondents Adele Rabe and Aline Goldstein there was a brief over the name of *Mr. C. T. Haas.*

BEAN, J.—The facts in controversy are admitted by the pleadings or by stipulation: The one issue is whether or not, under the admitted facts, defendant Odd Fellows Home of Oregon, a charitable corporation, as beneficiary, is entitled to the sum of $935.00, the balance admitted to be unpaid on the benefit certificate carried by Koester at the time of his death in the plaintiff association, or whether the fund shall be decreed to belong to plaintiff, and revert to the benefit fund of the plaintiff association, under the pro-

vision of Section 65 of the by-laws of plaintiff. The plaintiff association admits that if it is held from the facts admitted in the case that Koester, during his lifetime, complied with the by-laws and designated the Odd Fellows Home as beneficiary, it is entitled to take the fund.

The facts involved are substantially as follows: The United Artisans Life Association on November 27, 1896, issued to Koester a benefit certificate, a copy of which is attached to the complaint as an exhibit. It is admitted that all premiums or assessments are paid upon this certificate and that at the time of the death of Koester there was unpaid thereon a benefit fund of $935, and that if the decedent designated a beneficiary qualified to take under the rules of the society, that such beneficiary is entitled to said sum of money. The Odd Fellows Home of Oregon is a charitable corporation and is qualified to be designated as a beneficiary under the rules and by-laws of the plaintiff association.

At the time the certificate was issued Clarinda M. Koester, wife of the insured, was designated as the beneficiary, but she died prior to her husband's death. It is alleged in the cross-complaint, and admitted that at the time of the death of Clarinda M. Koester, her husband had no lineal descendants and that his father and mother had died prior to that time; that he had no brothers or sisters; that he did not marry after his wife's death; in fact, there was no one in existence qualified to take, under Sections 65 and 72, of the by-laws of the association, except a designated beneficiary. These sections determine who should take under the certificate, in the event of the death of the beneficiary named in the certificate.

The sections of the by-laws referred to read as follows:

"Sec. 65. DEATH OF BENEFICIARY.—In the event of the death of the beneficiary named in his certificate of membership before the death of such member, if no other designation has been made, the benefits shall be paid to the widow or widower of such member, if living. If there be no widow or widower, to the surviving children of such member; if there be no surviving children, to the mother; if there be no mother, to the father; if there be no father to the brothers and sisters, share and share alike; if there be no surviving brother or sister, then the benefits named in this certificate shall revert to the Benefit Fund of the association.

"Sec. 72. BENEFICIARIES.—The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree ascending and descending, father-in-law, mother-in-law, son-in-law, step-father, step-mother, step-children, children by legal adoption, or to a person or persons dependent upon the member or to an incorporated charitable institution or association. Within the above restrictions, each member shall have the right to designate his beneficiary, and from time to time have the same changed in accordance with the laws, rules and regulations of the Association, or laws of the State of Oregon now in force or that may hereafter be adopted, and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member."

Koester was a member of the Independent Order of Odd Fellows of Oregon at the times referred to herein. This fraternal association maintained a Home in Portland, Oregon, which is incorporated under the laws of Oregon as a charitable organization under the name of "Odd Fellows Home of Oregon." Under its rules members of the association,

who are without means of support and unable to earn their living, if otherwise qualified under the rules, are entitled to be admitted as residents of the Home where they are fed, clothed and cared for and given medical attention without cost. As a consideration therefor, however, the rules required that such residents, when admitted, must transfer and convey to the Home all of their property, if any, and designate the Home as beneficiary under all policies of insurance upon their lives; and further, agree to convey and transfer to the Home any property thereafter received by them, or any payments falling due on any policies of insurance.

Koester, when he was admitted to the Home submitted himself to these regulations and entered into an agreement with the Home designating it as beneficiary in all insurance policies, and agreeing to transfer all of his property to it. Pursuant thereto Koester did designate the Home as beneficiary under the certificate in question. The Home complied with this agreement in accepting Koester as a resident of the Home and actually cared for him at all times subsequent and furnished medical attention and all the necessities of life until his death, which occurred on October 3, 1926. The Home performed all the conditions of the contract with Koester.

The defendant, Odd Fellows Home, contends that as Koester's wife died prior to his death, and there being no relatives of Koester at any time subsequent to the wife's death eligible, without designation, to become beneficiaries, under the rules of the plaintiff association, there was no beneficiary at the time the Home was designated, and the defendant, Odd Fellows Home of Oregon, was the properly designated bene-

ficiary under the certificate at the time of Koester's death, and was entitled to the balance of the fund.

The plaintiff association sets forth in its reply Section 79 of the by-laws which was then in force, which reads as follows:

"Section 79. To CHANGE BENEFICIARIES. — Any member may change the beneficiary or beneficiaries named in his certificate, by returning his certificate to the secretary of his assembly with a written request to have the certificate cancelled and a new certificate issued, naming some other person or persons designated in such request, and not excluded by the laws. Such member shall pay a fee of $1.00 for the new certificate. Such request must be signed in the presence of the local secretary or a supreme officer or a notary public or two persons who shall sign such request as witnesses. The secretary shall send the returned certificate and request to the supreme secretary, accompanied by the fee of $1.00. The supreme secretary shall thereupon issue a new certificate in compliance with such request and forward it to the secretary of the subordinate assembly to be delivered to the member. The new benefit certificate shall go into effect at 12 o'clock, noon, on the date issued by the supreme secretary."

Plaintiff contends that under this section of the by-laws it was necessary for Koester not only to designate the Odd Fellows Home as the beneficiary, but to proceed in accordance with that section so as to effect a change of the beneficiary, in the same manner as though the beneficiary named in the certificate was still alive, or in existence.

Odd Fellows Home of Oregon is qualified, under the provisions of Section 72 of the by-laws as "an incorporated charitable institution or association" to be designated as a beneficiary in the certificate.

Koester, during his lifetime, designated the Home as such beneficiary. The question remains, was such designation regular and binding upon the United Artisans Life Association? After the death of Mrs. Koester, the beneficiary named in the certificate of membership, "if no other designation has been made" under the circumstances of this case, "then the benefit named in his certificate shall revert to the benefit fund of the society" according to Section 65 of the by-laws.

Section 79 of the by-laws provides for changing the beneficiary, or beneficiaries, named in a benefit certificate and the cancellation of the certificate and the issuance of a new certificate, or in effect canceling or effacing the name of the beneficiary in the certificate, prior to such change. This in order that there may be no conflicting claims arise between those claiming to be beneficiaries. This provision is for the protection and convenience of the association.

Clarinda M. Koester, the beneficiary named in the certificate, having died on or about April 21, 1920, prior to the death of Koester, her name was effaced as a beneficiary, and there was no change of names to be made, and no chance for a conflicting claim to be made on her account. It would not seem that the provision of Section 79 of the by-laws, for a change of the beneficiary, or beneficiaries, named in the certificate, would apply, when it is only necessary to designate a beneficiary and there is no change of beneficiary to be made: *The Fraternal Tribunes* v. *Teutsch et al.*, 170 Ill. App. 47; *High Court of Catholic Order of Foresters* v. *Malloy*, 169 Ill. 58 (48 N. E. 392).

■ Within the restriction mentioned in Section 72 of the by-laws, "each member shall have the right to

designate his beneficiary.'' This is a part of the stipulated contract of insurance. Such right should not be curtailed or abrogated: *Supreme Assembly of United Art. us* v. *Johnson,* 109 Wash. 247 (186 Pac. 1065, 1067); 1 Bacon on Benefit Societies, § 255.

■ It cannot be said that after the death of Mrs. Koester the beneficiary named in the certificate, ''no other designation has been made,'' so that the benefit named in the certificate should revert to the benefit fund of the society; pursuant to the direction of Section 65 of the by-laws. Under the provisions of this section there are five classes of persons to whom, under certain conditions enumerated therein, benefits may be paid, without such person, or persons, being specifically named in the certificate. Again in Section 72 that part that directs that a change of beneficiary may be made directs such change to be made in accordance with the laws, rules or regulations of the association, or laws of the State of Oregon.

The whole plan does not suggest that a beneficiary's name must be inserted in the certificate in all cases, in conformity to any strict mode prescribed in the by-laws. Indeed, we find no particular manner directed in the by-laws for the ''designation'' of a beneficiary in a certificate of membership.

■ If the by-laws of the plaintiff association require no formalities in the designation of a beneficiary, the courts will require none. Notice to the society of the designation of a beneficiary is not required unless its laws so specify. And provisions of the society's laws which are merely directory need not be complied with in order to affect a valid designation: 45 C. J., pp. 188, 189, § 150; 1 Bacon on Life & Acc. Ins. (4 ed.), p. 874; § 407; *United Artisans* v. *Cronise,* 88 Or. 602 (172 Pac. 109, L. R. A. 1918D,

1133) ; *Brett* v. *Warnick*, 44 Or. 511, 519 (75 Pac. 1061, 102 Am. St. Rep. 639). In the latter case the by-laws of the fraternal organization provided that any member might change the beneficiary by written request to the secretary of his assembly, signed in the presence of the local secretary or two witnesses, which request, with the certificate, was to be forwarded to the supreme secretary who should issue a new certificate and forward it to the local secretary to go into effect at noon on the date issued by the supreme secretary. A member mailed the written request on April 27th to the local secretary, designating his wife as beneficiary instead of children by a former marriage. The request did not reach the supreme secretary until May 3d, although it should have before May 2d. Assured died on the latter date. It was held that equity will consider that done which ought to have been done, and the new beneficiary was entitled to recover on the certificate. Equity does not usually concern itself so much in regard to form as it does to substance: *Gantenbein* v. *Bowles,* 103 Or. 277 (203 Pac. 614). 1 Pomeroy's Equity Jurisprudence (4 ed.), Section 378, reads in part thus:

"Equity always attempts to get at the substance of things, and to ascertain, uphold, and enforce rights and duties which spring from the *real* relations of parties. It will never suffer the mere appearance and external form to conceal the true purposes, objects, and consequences of a transaction."

In 45 C. J. 205, Section 162, in mentioning what constitutes a "change" of beneficiaries it is stated, in effect, an original designation need not be made in the manner prescribed for changing beneficiaries. "Nor is there a 'change' of beneficiaries where the original beneficiary is dead at the time the new bene-

ficiary is named." Citing *Brotherhood of Locomotive Firemen* v. *Ginther,* 35 Wyo. 244 (248 Pac. 852, 252 Pac. 1026).

We understand one of the real purposes of the beneficent United Artisans Life Association, the plaintiff, is to provide for the maintenance of a member like Koester in his old age. Arrangements for such care and maintenance was provided by contract between Koester and the Odd Fellows Home. The provisions of the contract were faithfully carried out and Koester was cared for by the home to the satisfaction of all concerned. It was an equitable arrangement that the insurance money under his benefit certificate, of which he had control, should be paid to Odd Fellows Home and that the Home should be designated as a beneficiary under the certificate.

■ It is stated in Bacon on Benefit Societies, Section 255, in effect, that the courts substantially agree that the rules and regulations of benefit societies are to be construed liberally in order to effect the benevolent objects of their organization. The court will, if possible, so construe the designation as to bring it within the power given by the statutes and sustain its legality.

It is strongly contended by counsel for plaintiff that the by-law relating to a change of beneficiary applies to a case when the original beneficiary has died, the same as to any other case. Citing *Grand Lodge* v. *Connolly,* 58 N. J. Eq. 180 (43 Atl. 286); *Grand Lodge* v. *Gandy,* 63 N. J. Eq. 292 (53 Atl. 142); *Grand Lodge* v. *Edwards,* 111 Me. 359 (89 Atl. 147). A careful examination of these three cases, however, shows that they are not in conflict with the foregoing ruling for the reason that, as shown by the opinion in the first named case, the by-laws and constitution

governing in the three cases mentioned, differ from the by-laws presented in the case at hand. The grand lodge A. O. U. W. of Maryland, New Jersey and Delaware, Article XXIII, Section 6, provides "That if all the beneficiaries shall die during the lifetime of the member, and he shall have made no other direction in the manner provided by the by-laws of the order, the benefit shall be paid to his widow, if any." Section 7, according to the opinion, provides the manner of making the change of direction.

We hold that the Odd Fellows Home of Oregon was legally designated as a beneficiary in the certificate of membership of Henry Ludwick Koester, deceased, issued by plaintiff, and that the Home is entitled to the unpaid portion of the benefits payable under benefit certificate No. 2914, to wit, the sum of $935.

It follows that the decree of the Circuit Court must be reversed and a decree entered in conformity to this opinion.                    REVERSED.  REHEARING DENIED.

MCBRIDE, BROWN and BELT, JJ., concur.