STYLES, Respondent, *v.* BYRNE, Appellant. [7]

(No. 6,687.)

(Submitted December 18, 1930.   Decided February 28, 1931.)

[296 Pac. 577.]

Mr. *W. N. Waugh*, Mr. *William B. Frame* and Mr. *John A. Shelton*, for Appellant, submitted an original and a reply brief; Mr. *Waugh* and Mr. *Shelton* argued the cause orally.

*Mr. L. C. Myers* and *Mr. T. J. Davis*, for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted by Esther Styles, widow of James Styles, deceased, to recover from the Woodmen of the World, a Colorado corporation, upon a fraternal insurance policy for the sum of $1,000, dated June 23, 1911, upon the life of James Styles. The insurer appeared by interpleader, paid the money into court, and asked that Margaret Byrne, a claimant of the insurance, be substituted as defendant in the case. Margaret Byrne appeared by answer claiming right to be paid the insurance money as the designated beneficiary.

Issue was joined by reply and the cause was regularly brought on for trial before the court without a jury, after the conclusion of which the court made its findings of fact and conclusions of law in favor of the plaintiff, upon which judgment was duly entered "that the plaintiff do have judgment and decree against the defendant in the sum of One Thousand ($1,000.00) Dollars, together with costs, and that plaintiff, Esther Styles, is entitled to receive the $1,000 paid by the Woodmen of the World * * * into this court as the amount of said benefit certificate."

The question presented for decision is whether the court was correct in finding against the right of Margaret Byrne to collect the insurance.

1. It appears that on the twenty-third day of June, 1911, James Styles was issued an insurance certificate by the Woodmen of the World for the sum of $1,000, wherein his mother, Sarah Bulger, was named as the beneficiary. The laws of Colorado at that time in force and effect regulating insurance (Chap. 67, Mills' Ann. Stats.) were introduced in evidence, as will hereafter appear, and therefrom it appears that no provision limiting the beneficiaries in an insurance certificate issued by such a society was made.

By the constitution of the corporation in force at all times during the existence of such insurance, among other things it is provided: "A benefit certificate can only be made expressly payable to, and the payment of all death benefits shall be confined to some person or persons named, who sustain to the holder the relationship of either wife, child, adopted child, grand child, parent, parent by adoption, grand parent, brother, half-brother, sister, half-sister, nephew, niece, uncle, aunt, son-in-law, daughter-in-law, brother-in-law, sister-in-law, mother-in-law, father-in-law, stepfather, stepmother, stepchild, first cousin or dependent," etc. (Sec. 3, Art. IX.) And upon complying with certain conditions stated, an insured is privileged to rescind, vacate, and annul his designations of beneficiaries, and a beneficiary once designated may be changed at the pleasure of the insured without the consent or ap-

proval of such beneficiary, to a different beneficiary, and in case a benefit certificate becomes lost, the insured upon complying with certain requirements upon waiving both for himself and the beneficiary therein named all rights arising or which might arise under the certificate so lost, may have a new benefit certificate issued to him. (Sec. 4, Art. IX.)

On March 7, 1912, the insured having prior to that date married Mary Ann McCormick, designated her as his sole beneficiary of the insurance. Margaret Byrne is a sister of the insured's wife, Mary Ann, and on February 25, 1925, he again had the beneficiary of his insurance changed to the name of "Margaret Byrne, sister-in-law." In the month of December, 1925, Mary Ann, the wife of the insured, died. On April 4, 1927, the insured married the plaintiff. They lived together for approximately two months, and although separated were still husband and wife when the insured died on July 23, 1928. There was no issue surviving the insured as a result of either marriage. After the last-mentioned marriage, the insured delivered his insurance certificate to his wife, Esther, and on April 12, 1927, the name of his beneficiary was again changed to the name of his wife Esther, the plaintiff herein, who retained possession of the certificate until his death.

On or about June 6, 1927, more than a year prior to his death, the insured executed, in writing, an affidavit of loss of his insurance certificate, and requested that the beneficiary be again changed from Esther Styles to "Margaret Byrne, sister-in-law." Pursuant to such request a new certificate was issued to Styles on June 6, 1927, in which "Margaret Byrne, sister-in-law," is named as the beneficiary.

The plaintiff's position, which was apparently concurred in by the district court, is that after the death of the insured's first wife, Mary Ann, sister of the defendant Margaret Byrne, the latter no longer occupied the status of sister-in-law, so as to permit her to be subsequently named as a beneficiary of the insured, consequently that she may not recover; that she is not one of the class permitted to be named as a beneficiary

of a fraternal insurance certificate; and that where an attempt to change the beneficiary of a life insurance policy has been unsuccessful, the prior beneficiary is entitled to the proceeds of the policy unimpaired by reason of the attempted change.

In her answer, the defendant Margaret Byrne pleaded that prior to the sixth day of June, 1927, the date she was named as a beneficiary of the insurance certificate, there was no law in force in Colorado which in any way controlled the designation of beneficiaries named in a benefit certificate of fraternal benefit societies, and that therefore the provisions of the constitution of the order are alone controlling. By way of proof, Mills' Annotated Statutes of Colorado was admitted in evidence, and upon reference to Chapter 67 governing insurance, the allegation is found to be sustained as of the date of issuance of the original certificate.

The Session Laws of 1911 of Colorado were also admitted in evidence, whereby, by section 6 of Chapter 139, a restriction as to beneficiaries who may be named is confined "to wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member." This section is almost identical with our own statute upon the subject. (Sec. 6311, Rev. Codes 1921.) But it appears that Chapter 139 of the Session Laws of Colorado of 1911 was approved June 2, 1911, just 21 days before June 23, 1911, the date the original insurance policy on the life of James Styles was issued, and by section 342 of Mills' Annotated Statutes, Article V, section 19, of the Constitution of Colorado, it is provided that "no Act of the general assembly shall take effect until ninety days after its passage unless * * * the general assembly shall, by vote of two-thirds of all members elected to each house, otherwise direct." Thus it does not appear that Chapter 139 of the Laws of Colorado was in effect at the time the original certificate of insurance was issued to James Styles; and the Montana statute (sec. 6311, Rev. Codes, 1921) became a law on March 11, 1911, a

little more than three months before the certificate was originally issued. If the laws of Montana, as they were at the time the insurance was originally issued, rather than of Colorado, are controlling, a "sister-in-law" is not within the class of persons enumerated entitled to be named as beneficiaries. However, if the laws of Colorado govern, then the only restriction existing when the original certificate was issued is contained in section 3 of Article IX of the society above set forth, which enumerates, among others, who may be designated as beneficiary, "sister-in-law."

Counsel for Margaret Byrne contend, and we think correctly, that in determining who may become beneficiaries, we must look to the laws in force and effect in Colorado (in which state the society was incorporated) when the certificate was issued. (*Rose* v. *Brotherhood,* 80 Colo. 344, 52 A. L. R. 381, 251 Pac. 537; *Mund* v. *Rehaume,* 51 Colo. 129, Ann. Cas. 1913A, 1243, 117 Pac. 159; *Voigt* v. *Kersten,* 164 Ill. 314, 45 N. E. 543; *Supreme Council of Royal Arcanum* v. *Green,* 237 U. S. 531, L. R. A. 1916A, 771, 59 L. Ed. 1089, 35 Sup. Ct. Rep. 724; *Modern Woodmen* v. *Mixer,* 267 U. S. 544, 41 A. L. R. 1384, 69 L. Ed. 783, 45 Sup. Ct. Rep. 389; *Johnson* v. *Grand Lodge A. O. U. W.,* 31 Utah, 45, 86 Pac. 494; 2 Cooley's Briefs on Insurance, 2d ed., p. 1301 *et seq.*)

The rule is that in deciding the rights of a member in respect to the designation of a beneficiary, the law of the place of the contract under which the power is given will govern, for a contract, good at the place where made, is good everywhere, unless the statutes or public policy of the state where the contract is sought to be enforced forbid, and the law of the *situs* of the power controls the execution of the power. "A contract of a corporation will often be enforced by comity when made in conformity with its charter, although it would, if made by a domestic corporation, have been against the statutes of the state where the action is brought." (Bacon on Life & Accident Insurance, 4th ed., sec. 324.)

By the terms of the contract as made, it is expressly subject "to all conditions named in the constitution of

said association and by-laws of said camp now in effect or as the same or either of them may be hereafter amended, altered, added to or repealed.'' No agreement as respects a change in the statutory law was made, and therefore the change in the law does not apply and the contract must be construed with reference to the law existing when it was executed. (*Mosaic Templars of America* v. *Bean,* 147 Ark. 24, 226 S. W. 525; *Voigt* v. *Kersten,* supra; 2 Cooley's Briefs on Insurance, 2d ed., p. 1301.) Retroactive laws are not regarded with favor, and although they may in a given case be valid, they will always be given such construction as will circumscribe their operation within the narrowest possible limits consistent with the manifest intention indicated by the contract. Statutes are generally to be construed prospectively in their operation. (Bacon on Life and Accident Insurance, sec. 187; *Head Camp, Woodmen of the World,* v. *Irish,* 23 Colo. App. 85, 127 Pac. 918; 2 Cooley's Briefs on Insurance, 2d ed., p. 1301.) Accordingly, in order not to interfere with the inviolability of the contract as made on June 23, 1911, it must be held that the defendant, Margaret Byrne, was eligible to be designated by the insured when the agreement was made, and subsequently, so long as the relation continued to exist. This conclusion is not at variance under the particular facts in this case from our decision in the case of *Nitsche* v. *Security Benefit Assn.,* 78 Mont. 532, 255 Pac. 1052.

2. The question whether the relation of ''sister-in-law'' in ▋ fact existed when the insured last made designation of Margaret Byrne (June 6, 1927) could be raised only by the insurer in consequence of violation of the provisions of its constitution and by-laws. Margaret Byrne made and filed proofs of death with the society claiming right to the insurance money as beneficiary. The plaintiff instituted this action against the society. The society interpleaded and paid the insurance money into court, thus indicating a willingness to pay the insurance to Margaret Byrne, whether sister-in-law or not. By such indifference the society waived its rights to contest the claim of Margaret Byrne.

The general rule is thus stated in 19 R. C. L., at page 1289, as follows: "Even though the designation of a beneficiary is invalid by reason of the fact that the person named does not possess the qualifications required by the rules and regulations of the order, it is generally held that no one but the society can take advantage of the fact, as such regulations are intended solely for its own protection and not for the benefit of prospective beneficiaries. Where, however, a certificate is issued subject to a provision that if the designated beneficiary proves to be an unlawful one the benefit shall be payable to a certain specified individual, the latter may show that the designated beneficiary is ineligible, since the individual specified has a direct interest in the contract which he may enforce. In so far as the qualifications of a beneficiary are prescribed merely by the rules and regulations of the order, the society has the power to waive them inasmuch as they are intended for its own protection and not that of those who are eligible for appointment. Where in an action by the beneficiary named in a contract of a fraternal insurance association, the defendant appears, admits its liability, and pays the money into court, such act constitutes a waiver of objection to the beneficiary, and an intervening claimant is not entitled to object, defend or claim the benefit accrued under the contract on that ground. And where the fund is claimed by two or more and the society files a bill of interpleader, it is generally held that the action of the society in doing so amounts to a waiver of any objection it has to the right of either party being designated as a beneficiary." (See long list of cases cited in support of this rule at page 1339 of 2 Cooley's Briefs on Insurance, 2d ed., and 45 C. J. 169.)

The universal rule is that where the eligibility of beneficiaries is controlled solely by the constitution or by-laws of the society rather than by a statute of the state, no one other than the society may question the eligibility of the beneficiary. This is not adverse to our holding in the *Nitsche Case*, as there the statute in effect when the certificate was issued prescribed who could be designated as a beneficiary, and of course when the

policy became operative upon the death of the insured, if the beneficiary did not sustain the relationship of "husband," by reason of divorce, he could not recover even though the society ██ made no contest. A society may not waive existing statutory requirements governing its own conduct. (19 R. C. L., p. 1289.)

We therefore hold that whether or not Margaret Byrne was eligible to be named a beneficiary by reason of her existing status as a "sister-in-law," on June 6, 1927, the time she was last designated as a beneficiary of the insurance, or on July 23, 1928, when the insured died, the society made waiver of its constitutional restrictions as to which the plaintiff could not be heard to complain in the absence of existing operative statute governing the rights of all parties.

In order to protect the rights of litigants, this court has ██ been most lenient in permitting the filing of typewritten transcripts on appeal, and otherwise. In this case the original, as well as typewritten copies, of the record, are so dim and illegible as to make it very difficult to read. In view of our rules, we would be justified in dismissing the appeal. In the future, counsel must see that when typewritten records are filed they are clear and legible—otherwise suffer the penalty of dismissal. We should not be required or expected to unnecessarily strain our eyes, and with such records be delayed in our work.

The judgment is reversed and the cause remanded to the district court of Silver Bow county, with directions to enter judgment in favor of the defendant, Margaret Byrne, for the money impounded, and a personal judgment against plaintiff for costs.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES FORD, ANGSTMAN and MATTHEWS concur.